FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2001 OCT 30  P 12: 47

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| FLAGSTAR BANK, FSB, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.: L01CV2221 |
| HASKELL MORTGAGE, INC., a/k/a HMI, et al., | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PROTECTIVE ORDER

Upon consideration of the Motion for Protective Order filed on behalf of Plaintiff Flagstar Bank, FSB (hereinafter "Flagstar"), and any opposition thereto, it is this 30 day of October, 2001, **HEREBY ORDERED** that the Motion is **GRANTED**, and it is further ordered as follows:

1. Any party, by written notice, may designate any non-public document, material, or commercial information as "Confidential" under the terms of this Order.

2. Pursuant to Local Rule 104.13 and Federal Rule of Civil Procedure 26(c)(7), confidential documents are defined as any non-public document, material, or information, including trade secrets or other confidential research, development, or commercial information so designated.

3. Any document, material or information to be designated "Confidential" may be so designated by stamping the document, material or information with the legend "CONFIDENTIAL" prior to its production. Stamping such a legend on the cover of any multi-page documents shall so designate all pages of such documents, unless otherwise indicated.



PLD0290-L658-01

4. In the event counsel for a party receiving documents, material, or information designated as "Confidential" objects to such designation of any or all of such items or class of items, said counsel shall provide the party or non-party witness producing the items or designating the items as "Confidential" written notice of such objections and the reasons therefore. If the producing or designating party disputes the receiving party's objections, all the items shall be treated as "Confidential" pending a resolution of the dispute as to confidentiality. The parties shall attempt in good faith to resolve any dispute as to confidentiality.

5. Pursuant to Local Rule 104.13, in the event the parties are unable to resolve a dispute as to the confidentiality of particular documents, it shall be the obligation of the party designating the items as "Confidential" to move for a ruling regarding the propriety of the designation and the burden shall remain on that party pursuant to Federal Rule 26(c).

6. Pursuant to Local Rule 105.11, whenever materials subject to this Order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the court record under seal, the party making such filing must simultaneously submit a motion and accompanying order. The Clerk may return to counsel or destroy any sealed material at the end of the litigation, and all appeals therefrom.

7. Any deposition testimony, and any transcription thereof, and/or any document produced in response to a deposition subpoena may be designated as "Confidential," in whole or in part, and shall be treated as "Confidential" and subject to the confidentiality provisions hereof. Such designation should be made no later than thirty (30) days after receipt of the transcript by the designating party.

8. Documents or material (including portions of depositions transcripts) designated as "Confidential" or information derived therefrom, may only be disclosed or made available by a party receiving such information to "Qualified Persons," who are defined to consist solely of:

-5-

a.  The Court and Court personnel (at any trial or oral hearing and in the manner provided herein);

b.  Counsel to the parties to this action and the paralegal, clerical and secretarial staff employed by such counsel to the extent such disclosure is necessary and to the extent such persons have been advised of and have agreed to the terms of this Order;

c.  Court reporters to the extent such persons have been advised of and have agreed to the terms of this Order;

d.  Individuals whom counsel in good faith believes may be designated as witnesses in this litigation and/or witnesses at any deposition in this action to the extent such persons have been advised of and have agreed to the terms of this Order;

e.  Experts and/or advisors of any kind consulted by the parties or their counsel in connection with this litigation, whether or not retained to testify at trial; provided that prior to the disclosure to such expert and/or advisor of any document, information or material designated as "Confidential," or information derived therefrom, counsel for the party proposing to make such disclosure shall deliver a copy of this Order to the expert and/or advisor, shall explain its terms to the expert and/or advisor and shall secure the signature of the expert and/or advisor on a certificate in the form attached hereto as Exhibit A. The provisions of this paragraph shall also apply to persons employed by experts and/or advisors. It shall be the obligation of such counsel to retain a copy of all certificates executed pursuant to this paragraph.

9.  Documents and materials designated as "Confidential" or information derived therefrom shall be used by the persons receiving them only for the purposes of this action.

10. If documents and material (including portions of deposition transcripts) designated as "Confidential" or information derived therefrom are to be included in any papers to be filed in Court, such papers shall be labeled "Confidential" and filed under seal, together with a motion that such documents be sealed by the Court, and kept under seal until further order of the Court.

11. Each non-lawyer given access to documents, material, or information designated "Confidential" pursuant to the terms hereof shall be advised that the documents, material, or information

are being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof.

12. Upon termination of this action, including all appeals, each party shall return to counsel for the producing party or destroy, at the option of the producing party, all documents or material designated as "Confidential" and all copies thereof. If the documents are destroyed, the party or parties causing the destruction of the documents or material shall represent in writing to the producing party that the documents or materials were destroyed.

13. In the event any non-party seeks access from a receiving party to documents or other material designated as "Confidential," or to information derived therefrom, that receiving party shall: (a) notify the producing party in writing of the non-party's request, within forty-eight (48) hours of such request, and (b) not produce, grant access or otherwise make available any such documents, material or information, unless authorized in writing by the producing party, or until ordered to do so by a court of competent jurisdiction.

14. The dismissal of any defendant, the final determination or the settlement of this action shall not relieve any person who has received documents, material or information designated as "Confidential," or information derived therefrom, from the obligations imposed by this Order. This Order shall remain in full force and effect.

_____
Judge
United States District Court
for the District of Maryland

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| FLAGSTAR BANK, FSB, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.: L01CV2221 |
| HASKELL MORTGAGE, INC., a/k/a HMI, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATE PURSUANT TO AGREEMENT FOR THE
PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

I, _____ (name), hereby certify that I am over eighteen (18) years of age and competent to testify. I further certify that prior to the disclosure of any document, information or material designated as "Confidential," or information derived therefrom, counsel for the party proposing to make such disclosure delivered to me a copy of the Agreement for the Protection and Exchange of Confidential Information and explained its terms to me.

I hereby certify under the penalties of perjury that the foregoing is true and correct.

_____
Signature

_____
Print Name

PLD0290-L658-01

cc:  Richard L. Miller, Esquire
   Monshower, Miller & Magrogan, LLP
   10440 Little Patuxent Parkway
   30 Corporate Center, Suite 500
   Columbia, Maryland 21044
   Attorneys for Defendants F.A.B. Appraisals,
     Yvonne Griffin and Wayne Rogers

   Michael J. Moran, Esquire
   401 Allegheny Avenue
   Towson, Maryland 21204
   Attorney for Best Appraisals, LLC and Kenneth Brown

   J. Edward Martin, Jr., Esquire
   409 Washington Avenue, Suite 707
   Towson, Maryland  21204
   Attorney for Defendants Haskell Mortgage, Inc.
     and Haskell Feldman

   Lewis Feldman
   1501 Reisterstown Road, Suite 201
   Baltimore, Maryland  21208

   Lewis Becker
   1501 Reisterstown Road, Suite 201
   Baltimore, Maryland  21208

   Scott Smith
   1501 Reisterstown Road, Suite 201
   Baltimore, Maryland  21208

   Burton Stevenson
   7908 Main Falls Circle
   Baltimore, Maryland 21228

PLD0290-L658-01
10/4/01

cc:   Donald A. Rea, Esquire
Alison E. Goldenberg, Esquire
Gordon, Feinblatt, Rothman,
Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland 21202
Attorneys for Plaintiff Flagstar Bank, FSB

Richard L. Miller, Esquire
Monshower, Miller & Magrogan, LLP
10440 Little Patuxent Parkway
30 Corporate Center, Suite 500
Columbia, Maryland 21044
Attorneys for Defendants F.A.B. Appraisals,
  Yvonne Griffin and Wayne Rogers

Michael J. Moran, Esquire
401 Allegheny Avenue
Towson, Maryland 21204
Attorney for Best Appraisals, LLC and Kenneth Brown

J. Edward Martin, Jr., Esquire
409 Washington Avenue, Suite 707
Towson, Maryland 21204
Attorney for Defendants Haskell Mortgage, Inc.
  and Haskell Feldman

Lewis Feldman
1501 Reisterstown Road, Suite 201
Baltimore, Maryland 21208

Lewis Becker
1501 Reisterstown Road, Suite 201
Baltimore, Maryland 21208

Scott Smith
1501 Reisterstown Road, Suite 201
Baltimore, Maryland 21208

Burton Stevenson
7908 Main Falls Circle
Baltimore, Maryland 21228

PLD0290-L658-01

EXHIBIT
A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| FLAGSTAR BANK, FSB, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.: L01CV2221 |
| HASKELL MORTGAGE, INC., a/k/a HMI, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AGREEMENT FOR THE PROTECTION
## AND EXCHANGE OF CONFIDENTIAL INFORMATION

The undersigned parties to this action, by and through their respective counsel, stipulate and agree as follows:

1. In connection with discovery proceedings in this action, any party, by written notice, may designate any non-public document, material, or information as "Confidential" under the terms of this Agreement.

2. Any document, material or information to be designated "Confidential" may be so designated by stamping the document, material or information with the legend "CONFIDENTIAL" prior to its production. Stamping such a legend on the cover of any multi-page documents shall so designate all pages of such documents, unless otherwise indicated.

3. In the event counsel for a party receiving documents, material, or information designated as "Confidential" objects to such designation of any or all of such items or class of items, said counsel shall provide the party or non-party witness producing the items or designating the items as "Confidential" written notice of such objections and the reasons therefore. If the producing or designating party disputes the receiving party's objections, all the

items shall be treated as "Confidential" pending a resolution of the dispute as to confidentiality. The parties shall attempt in good faith to resolve any dispute as to confidentiality. If they are unable to resolve such dispute, it shall be the obligation of the party producing the items designated as "Confidential" to move for a ruling regarding the propriety of the designation.

4. Any deposition testimony, and any transcription thereof, and/or any document produced in response to a deposition subpoena may be designated as "Confidential," in whole or in part, and shall be treated as "Confidential" and subject to the confidentiality provisions hereof. Such designation should be made no later than thirty (30) days after receipt of the transcript by the designating party.

5. Documents or material (including portions of depositions transcripts) designated as "Confidential" or information derived therefrom, may only be disclosed or made available by a party receiving such information to "Qualified Persons," who are defined to consist solely of:

    a. The Court and Court personnel (at any trial or oral hearing and in the manner provided herein);

    b. Counsel to the parties to this action and the paralegal, clerical and secretarial staff employed by such counsel to the extent such disclosure is necessary and to the extent such persons have been advised of and have agreed to the terms of this Agreement;

    c. Court reporters to the extent such persons have been advised of and have agreed to the terms of this Agreement;

    d. Individuals whom counsel in good faith believes may be designated as witnesses in this litigation and/or witnesses at any deposition in this action to the extent such persons have been advised of and have agreed to the terms of this Agreement;

    e. Experts and/or advisors of any kind consulted by the parties or their counsel in connection with this litigation, whether or not retained to testify at trial; provided that prior to the disclosure to such expert and/or advisor of any document, information or material designated as "Confidential," or

AGT0289-L658-01

information derived therefrom, counsel for the party proposing to make such disclosure shall deliver a copy of this Agreement to the expert and/or advisor, shall explain its terms to the expert and/or advisor and shall secure the signature of the expert and/or advisor on a certificate in the form attached hereto as Exhibit A. The provisions of this paragraph shall also apply to persons employed by experts and/or advisors. It shall be the obligation of such counsel to retain a copy of all certificates executed pursuant to this paragraph.

6. Documents and materials designated as "Confidential" or information derived therefrom shall be used by the persons receiving them only for the purposes of this action.

7. If documents and material (including portions of deposition transcripts) designated as "Confidential" or information derived therefrom are to be included in any papers to be filed in Court, such papers shall be labeled "Confidential" and filed under seal, together with a motion that such documents be sealed by the Court, and kept under seal until further order of the Court.

8. Each non-lawyer given access to documents, material, or information designated "Confidential" pursuant to the terms hereof shall be advised that the documents, material, or information are being disclosed pursuant to and subject to the terms of this Agreement and may not be disclosed other than pursuant to the terms hereof.

9. Upon termination of this action, including all appeals, each party shall return to counsel for the producing party or destroy, at the option of the producing party, all documents or material designated as "Confidential" and all copies thereof. If the documents are destroyed, the party or parties causing the destruction of the documents or material shall represent in writing to the producing party that the documents or materials were destroyed.

10. In the event any non-party seeks access from a receiving party to documents or other material designated as "Confidential," or to information derived therefrom, that receiving party shall: (a) notify the producing party in writing of the non-party's request, within forty-eight (48) hours of such request, and (b) not produce, grant access or otherwise

- 3 -

AGT0289-L658-01

make available any such documents, material or information, unless authorized in writing by the producing party, or until ordered to do so by a court of competent jurisdiction.

11. The dismissal of any defendant, the final determination or the settlement of this action shall not relieve any person who has received documents, material or information designated as "Confidential," or information derived therefrom, from the obligations imposed by this Agreement. This Agreement shall remain in full force and effect.

12. This Agreement shall be deemed effective immediately, and the parties shall present this Agreement to the Court for entry as a protective order. This Agreement shall be binding whether or not it is accepted as an order of court.

13. Any persons having access to materials designated as "Confidential" consent to jurisdiction and venue in the United States District Court for the District Maryland, depending on where the action is then pending, for any matters arising out of this Agreement.

14. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same document; provided, however, that this Agreement shall not be effective as to any party unless and until the party shall have executed it.

| | |
|---|---|
| Donald A. Rea | Richard L. Miller |
| Alison E. Goldenberg | Monshower, Miller, Magrogan, LLP |
| Gordon, Feinblatt, Rothman, | 10440 Little Patuxent Parkway |
| Hoffberger & Hollander, LLC | 30 Corporate Center |
| 233 East Redwood Street | Suite 500 |
| Baltimore, Maryland 21202 | Columbia, Maryland 21044 |
| **Counsel for Plaintiff Flagstar Bank, FSB** | **Counsel for Defendants F.A.B. Appraisals, Inc., Yvonne Griffin and Wayne Rogers** |

AGT0289-L658-01

- 5 -

| | |
|---|---|
| Michael J. Moran, Esquire<br>401 Allegheny Avenue<br>Towson, Maryland  21204<br><br>**Counsel for Defendants Best<br> Appraisals, LLC and Kenneth Brown** | J. Edward Martin, Jr., Esquire<br>409 Washington Avenue, Suite 707<br>Towson, Maryland  21204<br><br>**Counsel for Defendants Haskell<br>Mortgage, Inc.,  and  Haskell Feldman** |
| Lewis Feldman<br>1501 Reisterstown Road, Suite 201<br>Baltimore, Maryland  21208 | Lewis Becker<br>1501 Reisterstown Road, Suite 201<br>Baltimore, Maryland 21208 |
| Scott Smith<br>1501 Reisterstown Road, Suite 201<br>Baltimore, Maryland  21208 | Burton Stevenson<br>7908 Main Falls Circle<br>Baltimore, Maryland 21228 |
| Charles F. Morgan, Esquire<br>Hodes, Ulman, Pessin & Katz, P.A.<br>901 Dulaney Valley Road, Suite 400<br>Towson, Maryland  21204<br><br>**Counsel for Lingard Whiteford** | |

AGT0289-L658-01