IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| FLAGSTAR BANK, FSB | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.: L01CV2221 |
| HASKELL MORTGAGE, INC., *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*     \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF FLAGSTAR BANK, FSB'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE
THIRD-PARTY COMPLAINT OF SOVEREIGN TITLE COMPANY, INC.**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 14(a), Plaintiff Flagstar Bank, FSB ("Flagstar"), moves to dismiss or, in the alternative, strike the third-party complaint of Sovereign Title Co., Inc., Aura Colon and Elizabeth Brooks (collectively "Sovereign"), and states as follows.

**Introduction and Procedural Background**

On or around July 25, 2003, Sovereign filed a third-party complaint against every other defendant in this action, including several that were dismissed or have stipulations of dismissal pending pursuant to settlements with Flagstar. Sovereign's third-party complaint contains two counts: Count I – entitled "Indemnity"; and Count II – entitled "Contribution." On July 29, 2003, this Court issued correspondence to the parties indicating that any party wishing to object to Sovereign's third-party action should do so on or before August 6, 2003.

With the dismissal of Flagstar's civil RICO claim, there is no legitimate basis for Sovereign's third-party action against all of the other defendants, particularly those that were not

involved in the Dove loan transactions settled by Sovereign. Even if that were not the case, Sovereign's cursory claims fail to plead sufficient facts or even appropriate causes of action, and they should be dismissed or stricken on these independent grounds as well.

Through settlement negotiations and voluntary dismissals, Flagstar has streamlined this litigation down to claims against Sovereign arising out of its own individual participation in specific loan transactions. It appears that this third-party action is little more than an attempt to coerce Sovereign's dismissal through the threat of blowing up the various settlements. Sovereign should not be permitted to thwart those legitimate efforts by unnecessarily increasing the expense of litigation without a substantial justification for doing so.

## Argument

I. **As A Result of the Pending Dismissal of Flagstar's Civil RICO Claims, Sovereign Has No Basis for a Third-Party Action Against Any Defendant Outside the Dove Line of Loan Transactions.**

Sovereign's sole legitimate basis for its claims to indemnification and contribution from all of the other defendants, particularly those which are not involved in Sovereign's line of transactions,[1] was Flagstar's claims that Sovereign participated in a fraudulent scheme in violation of the federal Racketeer Influenced Corrupt Organizations Act ("RICO"). On July 31, 2003, however, Flagstar informed this Court that it is dismissing its civil RICO claim, and Flagstar distributed a proposed stipulation of dismissal to all of the parties

---

[1] The Court will recall that this litigation, and Flagstar's RICO claims, arises out of a portfolio of several loan transactions. Sovereign was directly involved as the closing agent for two of these loan transactions (*i.e.,* the loans made to Keith Dove for 719 S. Conkling St. and 3905 Fait Avenue, Baltimore Maryland).

regarding that claim. Thus, the civil RICO claim is no longer a viable basis for a third-party complaint.

The remaining claims against Sovereign arise solely out of its own acts and omissions in connection with the settlement of the Dove loan transactions. Among other things, Flagstar claims that Sovereign and its agents failed to settle the loans in a manner consistent with the HUD-1 Settlement Statements signed by Sovereign's agents. Specifically, the Settlement Statements prepared by Sovereign for Conkling Street and Fait Avenue required cash payments from Keith Dove at settlement of over $62,000. *See* HUD-1 Settlement Statements attached hereto as **Exhibit A**. Both settlements occurred on the same day, and Dove did not bring any funds to the settlements nor did his financial resources remotely reflect the ability to pay over $62,000 in cash in connection with these properties. *See* Deposition of Keith Dove, taken April 19, 2002, at 46, 65, 66, attached hereto as **Exhibit B**. Mr. Dove did not make the payments indicated on the HUD-1 Settlement Statements prepared by Sovereign, and they are false. These claims have nothing to do with the other defendants, particularly those outside the Dove line of transactions, such that Sovereign could assert a good faith basis or substantial justification for its third-party complaint against them.

At most, Sovereign may have claims against First American Title Insurance Co., which issued the Closing Protection letter for the Dove loan settlements. *See* May 5, 2000 Closing Protection Letter re. Dove Loans, attached hereto as **Exhibit C**. Sovereign similarly may have claims against the Feldmans and Haskell Mortgage, Inc., but there simply is no remaining basis for any claim against parties outside the Dove line of loan transactions, and those third-party claims should be dismissed or stricken.

II.     **The Remaining Claims Against Sovereign Arise Solely Out of its Settlement of the Dove Loan Transactions, and Such Claims Do Not Support A Third-Party Action Against Defendants Not Involved With Those Transactions.**

The only other conceivable basis for Sovereign's third-party claims may be a misconception on its part that Flagstar is claiming Sovereign is liable for the misrepresentations of other parties with respect to other loan transactions. However, Sovereign has no claim against any other parties, because Flagstar states no claim against Sovereign arising out of those other transactions. *See* Complaint, *passim*; *see also* Flagstar's Answers to Sovereign's Interrogatory Nos. 16 and 17, attached hereto as **Exhibit D**. Indeed, the only transactions that remain at issue for Sovereign in the third amended complaint are the Dove loan transactions. *See* Third Amended Complaint, ¶¶ 43, 44 & 48. At most, Sovereign might have a claim against the appraiser or the Haskell defendants in the Dove line for a proportionate share in joint tortfeasor liability that would arise from that line of transactions.[2] However, Sovereign is not entitled to indemnification or contribution from any other defendant outside the Dove line of transactions.

III.    **Sovereign Fails to State Sufficient Legal or Factual Grounds for its Indemnification and Contribution Claims.**

Notwithstanding the foregoing grounds, Sovereign also fails to assert a contract or statute entitling it to indemnity. Relying on federal law, the Court of Special Appeals of Maryland recently reiterated the following well-established standards governing claims for indemnity:

---

[2] The appraiser for the Dove properties, Burton Stevenson, is no longer involved in this litigation pursuant to a Marginal Order issued on March 4, 2003, regarding Stevenson's filing of a Suggestion of Bankruptcy.

> "When, as here, there is no express agreement creating a right to indemnification, an implied right to indemnification can still be found in either of two sets of circumstances. . . . In one, an implied right to indemnification may be based on the special nature of a contractual relationship between parties. . . . This has been called an 'implied contract theory' of indemnity, . . . or an 'implied in fact' indemnity. . . . A second set of circumstances in which indemnity may be found has been called 'implied in law' indemnity. . . . This is a tort-based right to indemnification found when there is a great disparity in the fault of two tortfeasors, and one of the tortfeasors has paid for a loss that was primarily the responsibility of the other."

*Hanscome v. Perry,* 75 Md. app. 605, 615, 542 A.2d 421, 426 (1988) (quoting *Peoples' Dem. Republic of Yemen v. Goodpasture, Inc.,* 782 F.2d 346, 351 (2d Cir. 1986)).  Absent an express agreement entitling Sovereign to indemnification from any other party, it must establish facts tending to show a disparity in the fault of two tortfeasors, and that one of the tortfeasors has paid for a loss that was primarily the responsibility of the other." *Id.*  First, Sovereign has paid nothing pursuant to these claims as of yet, and arguably its claim has not ripened.  Moreover, Sovereign has pled no facts whatsoever in its third-party complaint, much less facts tending to show that another party is liable for its acts and omissions.  In addition, where a tortfeasor is guilty of its own active negligence, it is not entitled to tort indemnification.  *Richards v. Freeman,* 179 F. Supp.2d 556, 560 (D. Md. 2002); *Franklin v. Morrison,* 350 Md. 144, 163, 711 A.2d 177, 187 (1998).  The claims at issue in the instant litigation concern Sovereign's own conduct in the course of the Dove settlements, not that of parties involved in other loan transactions with Flagstar.

Sovereign also has failed to state an accurate claim for contribution pursuant to Maryland's Uniform Contribution Among Joint Tort-Feasors Act, MD. CODE ANN., CTS. & JUD. PROC. ART., § 3-1401 (2002 Repl. Vol.) (hereinafter the "Act").  Under the Act, if and when a

judgment is entered against Sovereign *and* it is deemed a joint tortfeasor, it would be entitled to a pro rata share of the funds settling parties paid to Flagstar. The very purpose of the Act is to encourage settlements by preventing third-party claims such as the one at issue in the instant case, and to permit settling parties to be dismissed without fear of being dragged back into litigation via such a claim. Thus, even to the extent Sovereign is found liable as a joint tortfeasor with other parties, its interests are adequately protected by the Act.

### IV.     Sovereign's Third-Party Claims Are Untimely and Unduly Prejudicial.

Finally, it should be noted that Sovereign's answer to the first amended complaint joining it in this litigation was filed on May 8, 2002, well over a year ago. Since that time significant written discovery and several settlement conferences have taken place in the action. Sovereign was fully aware of the ongoing settlement negotiations among the parties, and indeed participated in the settlement conferences through counsel. In all that time, Sovereign never filed a motion to file a third-party action against the other defendants or even intimated that it intended to do so. It was only after several of those defendants settled the claims against them and have been dismissed, that Sovereign chose to file a third-party claim. Now Sovereign seeks to re-join all of those parties thereby increasing the complexity of this lawsuit exponentially and without good cause. As such, it is untimely and highly prejudicial to Flagstar and the settling defendants, and it should be dismissed or stricken. *See DTM Research, LLC v. AT&T Corp.*, 179 F.R.D. 161, 162 (D. Md. 1998) (denying leave to file third-party action resulting in undue delay, prejudice and unnecessary complication of litigation); *The Johns Hopkins University v. Hutton,* 40 F.R.D. 338, 346-48 (D. Md. 1966) (denying "belated motion" for leave to file third-party complaint where it would result in undue delay and complication of issues).

## Conclusion

For all of the foregoing reasons, Sovereign's third-party complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted or, alternatively, should be stricken pursuant to Fed. R. Civ. P. 14(a).

Respectfully submitted,

_____
Donald A. Rea (Federal Bar No.: 23194)
Alison E. Goldenberg (Fed Bar No.:024778)

Gordon, Feinblatt, Rothman,
 Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland 21202
410/576-4000

*Attorneys for Plaintiff Flagstar Bank, FSB*