IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FLAGSTAR BANK, FSB                    *

    Plaintiff                              *

                              *          Civil Action No. L01CV2221

v.                                                  *

HASKELL MORTGAGE, INC., et al.        *

    Defendants                           *

        *     *     *     *     *     *     *

**REDACTED REPLY TO PLAINTIFF'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO STRIKE THIRD-PARTY COMPLAINT**

Now come Sovereign Title Company, LLC, Elizabeth Brooks and Aura J. Colon, three of

the Defendants (collectively the "Sovereign Parties"), by their attorneys, David B. Applefeld, H.

Scott Jones and Adelberg, Rudow, Dorf & Hendler, LLC, and submit this Reply to Plaintiff, Flagstar

Bank, FSB's ("Flagstar") Motion to Dismiss or in the Alternative to Strike the Third-Party

Complaint.

## I.  BACKGROUND

### A.    The Pending Motion

On July 25, 2003, the Sovereign Parties filed a Motion for Leave to File their Third- Party

Complaint against  Yvonne Griffin, Best Appraisals, LLC, Kenneth Brown, Lingard Whiteford,

F.A.B. Appraisals, Inc, Wayne Rogers, Vanguard Signature Settlements, L.L.C. f/k/a Vanguard Title

& Escrow, L.L.C., Chase Title Inc., All County Title, LLC, Tracey L. Heater, Anthony

Dabbondonza, Barry F. Snyder, Chicago Title Insurance Company and Southern Title Insurance

Company (collectively the "Third-Party Defendants").  As described in the Motion for Leave to File

the Third-Party Complaint, each of the Third-Party Defendants had been participating in this

litigation as a party Defendant until approximately three weeks prior thereto,[1] when Flagstar was granted leave to file its Third Amended Complaint.   In addition to adding a new Defendant (Lewis Feldman) and new claims (the Frutchery and Penn Loan Transactions), Flagstar's Third Amended Complaint deleted each of the Third-Party Defendants as named parties.   Prior to that time, Flagstar had vigorously contended that each of the Third-Party Defendants either indirectly or acting in concert with the Sovereign Parties, participated in a broad mortgage fraud scheme resulting in damages to Flagstar. This action on the part of Flagstar necessitated the Sovereign Parties' filing of the Third-Party Complaint.  The Third-Party Complaint seeks to recover on the theories of indemnity and/or contribution.

Flagstar has now filed a Motion to Dismiss[2] or to Strike the Sovereign Parties' Third-Party Complaint.  In support of its Motion, Flagstar makes three arguments.  First, Flagstar argues that in light of the dismissal of its civil RICO claims, there is no "legitimate" basis for the Third-Party Complaint.   Dovetailing this argument, Flagstar suggests that once the civil RICO claims are dismissed, all remaining claims asserted against the Sovereign Parties arise out of the settlement of two loans characterized by Flagstar as the "Dove Loan Transactions."  Flagstar's contention in this regard is based upon an apparent misunderstanding of the claims it has asserted against the Sovereign Parties in this law suit.   Flagstar would be well served by re-reading its own Third Amended Complaint and Answers to Interrogatories.

Next, Flagstar argues that the Sovereign Parties have failed to properly allege indemnity and/or contribution claims.  As discussed below, the argument demonstrates Flagstar's fundamental misunderstanding of the law in this regard. Finally, Flagstar argues that the Third-Party Complaint

---

[1]Each of the Third-Party Defendants remains on the Court's and counsel's service list.

[2]Flagstar's Motion incorporates facts outside the four corners of the pleadings in this case and is ,therefore, more properly deemed, and should be treated as, a Motion for Summary Judgment.  Since discovery in this case remains open, it would be improper to rule on such a Motion at this time.

is untimely.  Having just filed its own Third Amended Complaint which adds new parties, deletes parties and adds new claims, it is difficult to imagine how Flagstar can possibly argue this point.

**B.     Flagstar's Third Amended Complaint**

An examination of Flagstar's Third Amended Complaint reveals that Flagstar seeks to recover from the Sovereign Parties for the following claims:

1)  "**Fraud With Respect To The Appraisals - All Defendants**," Count IV.  *See* Third Amended Complaint at par. 106-105;

2)  "**Negligent Misrepresentation With Respect To The Appraisals - All Defendants**," Count V.  *See* Third Amended Complaint at par. 106-113;

3)  "**Fraud With Respect To The Settlements - All Defendants**," Count VI.  *See* Third Amended Complaint at par. 114-118;

4)  "**Negligent Misrepresentation With Respect To The Settlements - All Defendants**," Count VII.  *See* Third Amended Complaint at par. 119-125; and

5)  "**Civil Racketeer Influenced and Corrupt Organizations Act - All Defendants**," Count VIII.  *See* Third Amended Complaint at par. 126-133.

Each of theses counts of Flagstar's Third Amended Complaint adopts and incorporates all allegations contained in all preceding paragraphs of the Third Amended Complaint.  *See* Third Amended Complaint at pars. 101, 106, 113, 118 and 126.  Hence, Flagstar's suggestion to this Court that it is only seeking to recover from the Sovereign Parties for damages arising out of the Dove Transactions simply does not comport with the allegations contained in its Complaint.   Rather, Flagstar's Third Amended Complaint seeks to recover from the Sovereign Parties for wrongs alleged with respect to each loan transaction at issue in this case.[3]  Those loans have been characterized by

---

[3]To the extent Flagstar does not (or did not) intend that the Sovereign Parties be held responsible for each loan transaction, then the claims in this case are clearly mis-joined and all claims against the Sovereign Parties should be severed. *See* F.R.C.P. 20

Flagstar as: 1) the Grant Loan Transaction; 2) the Moses Loan Transaction; 3) the Gadsden Loan Transaction; 4) the Cole Loan Transaction; 5) the Futchery and Penn Loan Transaction; and 6) the Dove Loan Transactions.

### C.    The Role and Liability of The Third-Party Defendants

In order to appreciate the liability of each of the Third-Party Defendants, it is important to understand that regardless of whether Flagstar wishes to remove these individuals and entities from this case, under Flagstar's own theory of liability, each allegedly improper transaction was accomplished through the wrongs of a seller, a title company, an appraisal company, and appraiser. *See, generally,* Third Amended Complaint at pars. 20 - 23 ("The Scheme").  In order to assist the Court, set forth below is a breakdown of the roles of each of these parties (as alleged by Flagstar) in each transaction, and the facts developed (by Flagstar) which support the Sovereign Parties' right to pursue each of the Third-Party Defendants.

### 1.    The Grant Loan Transaction

The Third-Party Defendants involved in the Grant Loan transaction include:

- Title Company: Third-Party Defendant Chase Title Inc.,

- Settlement Agent: Third-Party Defendant Barry F. Snyder,

-Appraisal Company: Third-Party Defendant Best Appraisals, LLC

- Appraisers: Third-Party Defendants Kenneth Brown and Lingard Whiteford

- Title Insurer: Third-Party Defendant Chicago Title Insurance Company

In connection with this loan, Flagstar has alleged wrongs on the part of the title company, Chase Title Inc., the settlement agent, Barry F. Snyder, the appraisal company, Best Appraisals, LLC, and the appraisers, Kenneth Brown and Lingard Whiteford.

Insofar as the title company, Chase Title Inc., and the settlement agent, Barry F. Snyder, are concerned,  Flagstar continues to assert that the Grant Loan transaction involved a "flip transaction."

Flagstar contends in its Third Amended Complaint that:

> a prior transaction involving Eagle Street occurred on the same day as the Grant transaction, thus preventing discovery of the flip. For the first transaction, Smallwood Investments paid $19,000.00 to Arnold and Sheila Hyatt for the property. In turn, Smallwood Investments sold the property to Grant on the same day for $46,000.00. Upon information and belief, the prior sale and the Grant sale were recorded on the same day as arms length transactions allegedly representing the fair market value of the property.

Third Amended Complaint at par. 35.  Likewise, in connection with the Grant Loan Transaction, Flagstar's expert has opined that Chase Title, Inc. and Barry F. Snyder:



*See Exhibit 1,*

Insofar as the appraisal company, Best Appraisals, LLC, and the appraisers, Kenneth Brown and Lingard Whiteford, are concerned, Flagstar alleges in its Third Amended Complaint that:

> The **Eagle Street property was appraised by Best Appraisals for $46,000.00.** Based on the appraisal provided by Best Appraisals, the loan to value ratio was 90%. The loan was purchased by Flagstar in reliance upon the appraisal and the borrower's ability to make the required down payment.
>
> After Flagstar purchased the loan and became aware of irregularities associated with the Haskell Mortgage loans, **Flagstar had a second appraisal prepared by a different appraiser which appraised the property in the amount of $20,000, representing a more accurate loan to value ratio of 207%.**

Third Amended Complaint at par. 33-34 (emphasis supplied). The allegedly fraudulent or inflated appraisal forms the basis of Flagstar's damages claim. *See* Third Amended Complaint at Counts IV and V.

## 2. The Moses Loan Transaction

The Third-Party Defendants involved in the Moses Loan transaction include:

- Title Company: Third-Party Defendant Vanguard Signature Settlements, L.L.C. f/k/a Vanguard Title & Escrow, L.L.C.

- Settlement Agent: Third-Party Defendant Tracey L. Heater

- Title Insurer: Third-Party Defendant  Southern Title Insurance Company

With respect to the Moses Loan Transaction, Flagstar has alleged wrongs on the part of the title company, Vanguard Signature Settlements, L.L.C. f/k/a Vanguard Title & Escrow, L.L.C. and the settlement agent, Tracey L. Heater. In connection with the Moses Loan Transaction, Flagstar's expert has opined that each:

[redacted]

*See Exhibit 2,*

### 3.  The Gadsen Loan Transaction

The Third-Party Defendants involved in the Gadsen Loan transaction include:

- Title Company: Third-Party Defendant All County Title, LLC

- Settlement Agent: Third-Party Defendant Anthony Dabbondonza

- Appraisal Company: Third-Party Defendant Best Appraisals, LLC

- Appraisers: Third-Party Defendant Kenneth Brown

Flagstar has alleged wrongs on the part of the title company, All County Title, LLC, the settlement agent, Anthony Dabbondonza, the appraisal company, Best Appraisals, LLC, and the appraiser, Kenneth Brown, in connection with the Gadsen Loan Transaction.

Insofar as the title company, All County Title, LLC and the settlement agent, Anthony Dabbondonza, are concerned, Flagstar asserts numerous irregularities in the manner in which the settlement was conducted. The Third Amended Complaint reads:

The loan file included a HUD-1 settlement statement signed by Gadsden and prepared by Dabbondonza on behalf of All County Title, which indicated that Gadsden paid cash at settlement that, upon information and belief, he did not pay.

*See,* Third Amended Complaint at par. 61.  In addition, Flagstar alleges that the transaction involved a "flip transaction" whereby:

. . . a prior transaction involving Payson Street occurred on the same day as the Gadsden transaction, thus preventing discovery of the flip. For the first transaction, according to SDAT records, Camden Realty, LLC sold the property to Gadsden for $13,000.00. For the second transaction, Darnell Acree, who is affiliated with Camden Realty, sold the property again to Gadsden on the same day for $55,000.00. The prior sale and the Gadsden sale were recorded on the same day as arms length transactions allegedly representing the fair market value of the property.

*See,* Third Amended Complaint at par. 65.

Insofar as the appraisal company, Best Appraisals, LLC, and the appraiser, Kenneth Brown, are concerned, Flagstar alleges in its Third Amended Complaint that:

> The Payson Street property was appraised by Best Appraisals for $55,000.00. Based on the appraisal provided by Best Appraisals, the loan to value ratio was 80%. The loan was purchased by Flagstar in reliance upon the appraisal and the borrower's ability to pay the required cash at settlement payment.

> After Flagstar purchased the loan and became aware of irregularities associated with the Haskell Mortgage loans, Flagstar had another appraisal prepared by a different appraiser, which valued the property in the amount of $5,000.00, representing a more accurate loan to value ratio of 880%.

*See*, Third Amended Complaint at par 63-64. Once again, this allegedly fraudulent or inflated appraisal forms the basis for Flagstar's damages claim in Counts IV and V of the Third Amended Complaint.

### 4. The Cole Loan Transaction

The Third-Party Defendants involved in the Cole Loan transaction include:

- Title Company: Third-Party Defendant Vanguard Signature Settlements, L.L.C. f/k/a Vanguard Title & Escrow, L.L.C.

- Settlement Agent: Third-Party Defendant Tracey L. Heater

- Appraisal Company: Third-Party Defendant Best Appraisals, LLC

- Appraisers: Third-Party Defendant Kenneth Brown

- Title Insurer: Third-Party Defendant Southern Title Insurance Company

Flagstar has alleged wrongs on the part of the title company, Vanguard Signature Settlements, L.L.C. f/k/a Vanguard Title & Escrow, L.L.C., the settlement agent, Tracey L. Heater, the appraisal company, Best Appraisals, LLC, and the appraiser, Kenneth Brown, in connection with this transaction.

Insofar as the title company, Vanguard Signature Settlements, L.L.C. f/k/a Vanguard Title & Escrow, L.L.C., and the settlement agent, Tracey L. Heater, are concerned, Flagstar asserts that

the Cole Loan transaction involved a "flip transaction."  Flagstar contends in its Third Amended

Complaint that:

> . . . a prior transaction involving 27th Street occurred on the same day as the Cole transaction, thus preventing discovery of the flip. For the first transaction, DRF, LLC paid $14,000.00 to George Chenoweth for the property. In turn, DRF, LLC sold the property to Cole on the same day for $63,100.00. Upon information and belief, the prior sale and the Cole sale were recorded on the same day as arms length transactions allegedly representing the fair market value of the property.

Third Amended Complaint at par. 73.  Flagstar also alleges irregularities in the manner in which the

settlement was conducted, including an allegation that the buyer, Cole, did not even attend the

settlement:

> . . . Haskell Mortgage submitted to Flagstar a mortgage loan package which included false or inaccurate information regarding Cole's purported cash at settlement, where such payment was in excess of what Cole's income and assets revealed she could pay. The HUD-1 settlement statement required cash at settlement from Cole of over $20,000.00 and the loan application indicated bank account balances totaling over $34,000.00. Cole, however, has never had bank account balances totaling over $34,000.00. Cole's bank account statements indicate that she only had a balance of $5,725.72 in August, 2000. Cole has never had $18,000.00 with Chevy Chase Bank or $16,382.00 with SunTrust as indicated by Haskell Mortgage on the loan application. Cole never brought any funds to settlement and Cole was supposed to receive $5,000.00 from Haskell Mortgage. Furthermore, **the settlement statement indicates that the closing took place in Mt. Airy, Maryland. Cole, however, has never been to Mt. Airy, Maryland.**

Third Amended Complaint at par. 69.  Likewise, in connection with the Cole Loan Transaction,

Flagstar's expert has opined that Vanguard Signature Settlements, L.L.C. f/k/a Vanguard Title &

Escrow, L.L.C. and Tracey L. Heater:

[redacted]

*See Exhibit 3,* [redacted]

**5. The Frutchery & Penn Loan Transaction**

The Third-Party Defendants involved in the Frutchery & Penn Loan transaction include:

- Title Company: Third-Party Defendant Chase Title Inc.
- Settlement Agent: Third-Party Defendant Barry F. Snyder
- Appraisal Company: Third-Party Defendant Best Appraisals, LLC
- Appraisers: Third-Party Defendant Kenneth Brown

Flagstar has alleged wrongs on the part of the title company, Chase Title Inc., the settlement

agent, Barry F. Snyder, appraisal company, Best Appraisals, LLC, and the appraiser, Kenneth

Brown, in connection with this transaction.

Insofar as the title company, Chase Title Inc., and the settlement agent, Barry F. Snyder, are

concerned, Flagstar alleges irregularities in the manner in which the settlement was conducted,

including the failure of the buyers to pay any funds at settlement.  The Third Amended Complaint

reads:

> . . . The HUD-1 settlement statement required cash at settlement from Frutchey and Penn of over $12,000.00. **Frutchey and Penn never brought any funds to settlement** and Frutchey and Penn were supposed to receive $1,500.00 from Haskell Mortgage after settlement.

*See* Third-Party Complaint at par. 77.  (Emphasis supplied)  In addition, Flagstar alleges that the

transaction involved a "flip transaction" whereby:

> . . . a prior transaction involving Loyola Southway occurred on the same day as the Frutchey/Penn transaction, thus preventing discovery of the flip. For the first transaction, Smallwood Investments paid $20,000 to NBS, Inc. for the property. In turn, Smallwood Investments sold the property to Frutchey and Penn on the same day for $59,000.00. The HUD-1 settlement statement for the Frutchey Penn transaction indicates a payoff in the amount of $19,674.74 of the NBS, Inc., Mortgage.

See, Third Amended Complaint at par. 82.

Insofar as the appraisal company, Best Appraisals, LLC, and the appraiser, Kenneth Brown,

are concerned, Flagstar alleges in its Third-Party Complaint that:

> The Loyola Southway property was appraised by Best Appraisals for $59,000, the same amount as the contract price. Moreover, the appraisal lists the current price based on the appraisal provided by Best Appraisals, the loan to value ratio was 90%. The loan was purchased by Flagstar in reliance upon the appraisal and the borrowers' ability to make the required cash at settlement payment.

> After Flagstar purchased the loan and became aware of irregularities associated with the Haskell Mortgage loans, Flagstar had a second appraisal prepared by a different appraiser which appraised the property in the amount of $5,000.00, representing a more accurate loan to value ratio of 106%.

*See,* Third Amended Complaint at par. 80-81. This allegedly fraudulent or inflated appraisal forms the basis of Flagstar's damages claim in Counts IV and V of its Third Amended Complaint.

## II. ARGUMENT

### A.  The Dismissal of Flagstar's Civil RICO Claims Does not Obviate the Need for the Third-Party Complaint

Flagstar's decision to dismiss its civil RICO claims does not obviate the need for the Third-Party Complaint. Rather, the dismissal only eliminates the Sovereign Parties' need to assert claims against those Third-Party Defendants who had no involvement with the six (6) loan transactions remaining (the Grant Loan Transaction; the Moses Loan Transaction; the Gadsden Loan Transaction; the Cole Loan Transaction; the Futchery and Penn Loan Transaction; and the Dove Loan Transactions).

To the knowledge of the Sovereign Parties, the following Third-Party Defendants played no role in the six (6) remaining transactions and, given Flagstar's decision to dismiss its civil RICO claims with prejudice, will be dropped by the Sovereign Parties as Third-Party Defendants: 1) Yvonne Griffin; 2) F.A.B. Appraisals, Inc.; and 3) Wayne Rogers.

### B.  The Third Amended Complaint Seeks to Recover from the Sovereign Parties for Alleged Damages Arising Out of Each of the Transactions

Flagstar's suggestion to this Court that "with the dismissal of Flagstar's civil RICO claim there is no legitimate basis for Sovereign's Third-Party action against all of the other Defendants . . ." is wrong. (Memorandum at 1-2). Flagstar cannot have it both ways. Flagstar cannot seek to recover from the Sovereign Parties for damages it alleges to have suffered as a result of the wrongs of others, while at the same time prevent the Sovereign Parties from pursuing their legitimate rights to recover indemnity and/or contribution.

After reading the Third-Party Complaint, it is difficult to understand how Flagstar can assert that it "states no claim against Sovereign arising out of those other transactions." Through Counts

IV and V, Flagstar seeks compensatory and punitive damages from the Sovereign Parties arising out of the appraisals on each of the properties.  Given this allegation, it certainly stands to reason that the Sovereign Parties have legitimate claims against each of the appraisers, who have been named as Third-Party Defendants.  Through Counts VI and VII, Flagstar seeks compensatory and punitive damages from the Sovereign Parties arising out of the settlements on each of the properties.  Given this allegation, the Sovereign Parties have legitimate claims against each of the title companies and settlement agents who conducted these closings and each of their title insurers who issued an insured closing protection letter on each of these closings.

In a misguided attempt to circumvent this issue, Flagstar refers this Court to its Answers to Sovereign's Interrogatory Nos. 16 and 17.  It is apparent that neither Interrogatory has the slightest thing to do with the matter at issue.  Rather, Flagstar responded to each of these Interrogatories with an objection arguing that it is not required to disclose the factual basis for its "contentions" because discovery is still open.

More on point however, are Flagstar's Answers  to Interrogatories relating to its claimed damages and its theories of liability.  Although the Answers provided are evasive[4], and mostly non-responsive, they do make clear that Flagstar is seeking to recover for "damages in the amount of [all of] the outstanding loans," as well as non-quantified "costs and expenses associated with investigation and disclosure of the [alleged]  fraud, defaults under the loan documents, and foreclosure proceedings in connection with the same, and other costs and expenses."  In this case, Flagstar has not seen fit to itemize its alleged damages against the Defendants.  Nor can Flagstar delineate which of its consequential damages flow from which transaction.  Thus,  it is apparent that

---

[4]Flagstar filed its Answers to Sovereign Title, Elizabeth Brooks and Aura Colon's Interrogatories on August 1, 2003.  The Answers consisted mostly of objections and non-responsive drivel.  The Sovereign Parties have requested a conference with Flagstar's counsel as required by Local Rule 104(7). *See Exhibit 4.*  A telephone conference between counsel is scheduled for 9:30 a.m. on August 15, 2003.

the Sovereign Parties are being force to defend against damages flowing from the alleged active

conduct of the Third-Party Defendants. Likewise the expert report [5] referenced by Flagstar in its

Interrogatory Answers, describes damages arising out of each of the loans.

For example, Flagstar responded to Sovereign Title Company, LLC's Interrogatory seeking

to discover the amount and the basis of the damages claim being asserted against it as follows:

> INTERROGATORY NO. 20:  Give a complete statement of facts surrounding any
> claim for damages that is being made, specifying an itemized statement of all
> expenses and losses paid or incurred by you as a result of the wrongs alleged,
> specifying which items have been paid, and by whom, the identity of all persons with
> personal knowledge of such facts, and the identity of all documents which relate to
> such facts.

> ANSWER TO INTERROGATORY NO. 20:  At a minimum, **Flagstar has suffered
> compensatory damages in the amount of the outstanding loans**.  In addition,
> Flagstar was induced into paying premiums, charges and fees in connection with the
> loan transactions and attorneys' fees in an amount to be determined at trial.  Flagstar
> also has suffered and will continue to suffer other consequential and incidental
> damages to be determined at trial, including, but not limited to, **the costs and
> expenses associated with investigation and disclosure of the fraud, defaults
> under the loan documents and foreclosure proceedings in connection with the
> same, and other costs and expenses.**  Finally, Flagstar is entitled to punitive and
> treble damages in an amount to be determined at trial.  See Joel Charkatz's Report
> for figures pertaining to each loan which is available for inspection and copying at
> your expense at Legal Images.  (emphasis supplied)

*Exhibit 5*, Flagstar's Answer to Sovereign Title Company, LLC's Interrogatory No. 20.

Flagstar responded to Elizabeth Brooks's Interrogatories seeking to discover the basis and

amount of its damages claim in an identical fashion.

> INTERROGATORY NO. 18:  Give a complete statement of facts surrounding any
> claim for damages that is being made against Brooks, specifying an itemized
> statement of all expenses and losses paid or incurred by you as a result of the wrongs
> alleged, specifying which items have been paid and by whom, specifying the identity
> of all persons with personal knowledge of such facts, and the identity of all
> documents which relate to such facts.

> ANSWER TO INTERROGATORY NO. 18:    **At a minimum, Flagstar has
> suffered compensatory damages in the amount of the outstanding balances on**

---

[5]Mr. Charkatz's deposition is set for September 22, 2003.

**the subject loans together with certain expenses as discussed at length in the report of Joel Charkatz.** In addition, Flagstar was induced into paying premiums, charges and fees in connection with the loan transactions and attorneys' fees in an amount to be determined at trial. Flagstar also has suffered and will continue to suffer other consequential and incidental damages to be determined at trial, including, but not limited to, **the costs and expenses associated with investigation and disclosure of the fraud, defaults under the loan documents and foreclosure proceedings in connection with the same, and other costs and expenses.** Finally, Flagstar is entitled to punitive and treble damages in an amount to be determined at trial. (emphasis supplied)

*Exhibit 6,* Flagstar's Answer to Elizabeth Brooks' Interrogatory No. 18.

Just last week, when asked to disclose the basis of its fraud claim, Flagstar objected and

refused to respond.

INTERROGATORY NO. 7: **Give a complete statement of facts upon which you base your contention that Brooks played any role in the "fraud" alleged in Count IV and Count VI** of your Complaint or any amendment thereto, specifying with particularity each and every act or omission that you contend Brooks committed in furtherance of any such "fraud", the date(s) thereof, the identity of all persons with personal knowledge of such facts, and the identity of all documents which relate to such facts.

ANSWER TO INTERROGATORY NO. 7: **Flagstar objects to this Interrogatory inasmuch as its investigation is ongoing.**

*Exhibit 6,* Flagstar's Answer to Elizabeth Brooks' Interrogatory No. 7. (emphasis supplied) In light

of the Answers, it is difficult to imagine how Flagstar can suggest to this Court what it is seeking

to recover from the Sovereign Parties when Flagstar apparently still has not answered this question

for itself.

Finally, Flagstar responded to Aura Colon's Interrogatories seeking to discover the basis and

amount of its claim against her as follows:

INTERROGATORY NO. 20: Give a complete statement of facts surrounding any claim for damages that is being made against Colon, specifying an itemized statement of all expenses and losses paid or incurred by you as a result of the wrongs alleged, specifying which items have been paid and by whom, specifying the identity of all persons with personal knowledge of such facts, and the identity of all documents which relate to such facts.

**ANSWER TO INTERROGATORY NO. 20**:  **At a minimum, Flagstar has suffered compensatory damages in the amount of the outstanding balances on the subject loans together with certain expenses as discussed at length in the report of Joel Charkatz.**  In addition, Flagstar was induced into paying premiums, charges and fees in connection with the loan transactions and attorneys' fees in an amount to be determined at trial.  **Flagstar also has suffered and will continue to suffer other consequential and incidental damages to be determined at trial, including, but not limited to, the costs and expenses associated with investigation and disclosure of the fraud, defaults under the loan documents and foreclosure proceedings in connection with the same, and other costs and expenses.**  Finally, Flagstar is entitled to punitive and treble damages in an amount to be determined at trial.  (emphasis supplied)

*Exhibit 7,* Flagstar's Answer to Aura Colon's Interrogatories No. 20.

In light of the allegations contained in the Third Amended Complaint and the information provided through its Interrogatory Answers, there is no dispute that Flagstar seeks to recover from the Sovereign parties for the active wrongs of others.  Under such circumstances, the Third-Party Complaint must be permitted to stand.

### C.    The Sovereign Parties Have Valid Claims for Indemnity and Contribution

Because Flagstar seeks to recover from the Sovereign Parties for the active wrongs of others (negligence/fraud in connection with each appraisal - Counts IV and V; negligence/fraud in connection with each of the settlement - Counts VI and VII; and indivisible "consequential and incidental damages . . . including, but not limited to, the costs and expenses associated with investigation and disclosure of the fraud, defaults under the loan documents and foreclosure proceedings in connection with the same"), there can be no dispute that the Sovereign Parties have valid indemnity and contribution claims against each of the Third-Party Defendants.

Common law indemnity arises where the character of one tortfeasor's conduct is significantly different from that of another who is being claimed liable for the same damages. Pyramid Condominium Association v. Morgan, 606 F.Supp. 592, 595 (D.Md. 1985).  A perfect example of this is the alleged conduct of the Sovereign Parties as opposed to that of the appraisers who actually performed allegedly fraudulent appraisals of each of the properties in question. In this regard,

Maryland follows the "active/passive negligence" rule by which a defendant whose negligence was passive may seek indemnity from a defendant whose negligence was "active." See Franklin v. Morrision, 350 Md. 144, 160, 711 A.2d 177 (1998); Hartford Accident & Indemnity Co. v. Scarlett Harbor Assoc., L.P., 109 Md. App. 217, 227, 674 A.2d 106 (1996).

Insofar as contribution is concerned, the law is clear that where one or more persons is alleged to have contributed to the Plaintiff's damages, a right of contribution exists. In this case, Flagstar seeks to recover from the Sovereign parties for all "costs and expenses associated with investigation and disclosure of the fraud, defaults under the loan documents, and foreclosure proceedings...." *Exhibit 5*, Flagstar's Answer to Sovereign Title Company, LLC's Interrogatory No. 20. Likewise, Flagstar seeks to recover from the Sovereign Parties for "compensatory damages in the amount of the outstanding balances on the subject loans together with certain expenses." *Id.*

Flagstar also argues that the Sovereign Parties do not have a valid claim for contribution under the Maryland Uniform Contribution Among Joint Tort-Feasor Act, Md. Code Ann., Crts. & Jud. Proc. §3-1401, *et sec.* (the "Act"). This too is wrong. Md. Code Ann., Crts. & Jud. Proc. §3-1404 provides:

> A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasor unless the release so provides, ***but it reduces the claim against the other tort-feasor in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid***. (emphasis supplied).

*Id*.

In addition to refusing to share the factual basis for its fraud claims against the Sovereign Parties, Flagstar has also refused to share any information regarding its purported settlements with the Third-Party Defendants. To the extent Flagstar has settled with any Third-Party Defendant, the Sovereign Parties have the right to litigate the issue of whether those Third-Party Defendants caused

or contributed to the damages being asserted against the Sovereign Parties.  Certainly, Flagstar has

no interest at this juncture in proving that the Third-Party Defendants are joint tortfeasors.

As discussed above, both Flagstar (in its pleadings) and its experts (in their reports) treat the

Third-Party Defendants as joint tort-feasors.  Flagstar's prior allegations of collective participation

by all parties in this so-called fraudulent "scheme" makes any argument to the contrary at this

juncture highly suspicious.  Simply because Flagstar choose to voluntarily remove parties or causes

of action, does not change the underlying facts of this case, or the opinions of its experts.

In an attempt to distract this Court, Flagstar oversells their efforts to "streamline" this

litigation.  The only "line" that matters to Flagstar is the "bottom line."   Here, Flagstar is simply

attempting to keep all of the settlement funds, get a judgment for all damages arising out of the six

(6) loans at issue and, and preclude the remaining Defendants from pursuing legitimate rights to

indemnity and contribution.  This should not be permitted.

### D.    There Would Be No Undue  Prejudice by Permitting the Filing of the Third-Party Complaint at This Time

Having just filed its own Third Amended Complaint which adds new parties, deletes parties

and adds new claims, it is difficult to imagine how Flagstar can argue that it would be prejudiced by

permitting the Sovereign parties to precede with their Third-Party Complaint.  In this regard, it is

important to note that the Sovereign Parties are not adding new parties to this litigation (as Flagstar

did when it added Lewis Feldman as a party Defendant through the filing of the Third Amended

Complaint).  Rather, each of the Third-Party Defendants has been participating in this case as a party

Defendant since its inception.  But for the filing of the Third-Amended Complaint, each of the Third-

Party Defendants would still be a party to this action.  Accordingly, there would be no prejudice in

permitting the Sovereign Parties to proceed on their Third-Party Complaint.  On balance, if the

Sovereign Parties' Motion is denied, they will be forced to immediately file a separate indemnity

and contribution action and move to have that separate action consolidated with this case.  The result

would be to increase the costs to the parties and waste judicial resources by forcing the Sovereign

Parties to pursue parallel litigation involving the identical parties and the identical issues.

Lastly, in its Motion, Flagstar argues that the Sovereign Parties' contribution claim will arise

when the Sovereign Parties are "deemed a joint tortfeasor" with the Third-Party Defendants.

Flagstar Memorandum at 6.  Implicit in this argument is the fact that in order for the Sovereign

Parties to be  "deemed joint tortfeasors" with the Third-Party Defendants, that issue must be

litigated.  In light of Flagstar's deletion of the Third-Party Defendants from this action, this issue

cannot be litigated unless the Third-Party Complaint is permitted to stand.

### III.  CONCLUSION

Based upon the foregoing points and authorities, the Motion for Leave to File Third-Party

Complaint should be granted and Flagstar's Motion to Dismiss or in the Alternative to Strike should

be denied.

_____/s/_____
DAVID B. APPLEFELD (#08311)
H. SCOTT JONES (#27101)
ADELBERG, RUDOW, DORF & HENDLER, LLC
600 Mercantile Bank & Trust Bldg.
2 Hopkins Plaza
Baltimore, Maryland 21201
410-539-5195

*Attorneys for Defendants, Sovereign Title Company,*
*LLC, Elizabeth Brooks, and Aura J. Colon*

## REQUEST FOR HEARING

Now come Sovereign Title Company, LLC, Elizabeth Brooks and Aura J. Colon, three of the

Defendants, by their attorneys, David B. Applefeld, H. Scott Jones and Adelberg, Rudow, Dorf &

Hendler, LLC, and request a hearing on Plaintiff, Flagstar Bank, FSB's ("Flagstar"), Motion to

Dismiss or in the Alternative to Strike the Third-Party Complaint and their Reply thereto.


_____/s/_____
DAVID B. APPLEFELD (#08311)
H. SCOTT JONES (#27101)


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th  day of August, 2003, a copy of the foregoing

**REDACTED** Reply, Request for Hearing and proposed Order was served via electronic mailing, to:

>Donald A. Rea, Esquire
>Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC
>223 East Redwood Street
>Baltimore, Maryland 21202
>
>J. Edward Martin, Esquire
>Joseph Edward Martin, Esquire, Chtd.
>409 Washington Avenue, Suite 707
>Towson, Maryland 21204-4918
>
>Michael J. Moran, Esquire
>Law Offices of Michael J. Moran, PC
>1400 Front Avenue, Suite 202
>Lutherville, Maryland 21093
>
>John T. Henderson, Jr., Esquire
>Craig & Henderson, LLC
>207 East Redwood Street
>Baltimore, Maryland 21202
>
>J. Steven Lovejoy, Esquire
>Schumaker Williams, PC
>40 W. Chesapeake Avenue, Suite 405
>Towson, Maryland 21204

John S. Vander Woude, Esquire
Eccleston & Wolf, P.C.
729 E. Pratt Street, 7th Floor
Baltimore, Maryland 21202

Charles F. Morgan, Esquire
Hodes, Ulman, Pessin & Katz, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland 21204

William D. Bayliss, Esquire
Williams, Muller, Clark & Dobbins
1021 East Carry Street
Richmond, Virginia 23218-1230

Brian C. Parker, Esquire
Parker, Dumler & Kiely, LLP
36 South Charles Street, Suite 2200
Baltimore, Maryland 21201

Robert J. Kim, Esquire
Mark W. Schweitzer, Esquire
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770

and mailed, first class, postage pre-paid to:

Lewis Feldman
Washington Mutual Home Mortgage Section
8100 SW 10th Street, Building 3
Plantation, Florida   33324-3279

_____/s/_____
DAVID B. APPLEFELD (#08311)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FLAGSTAR BANK, FSB                    *

    Plaintiff                              *

                                           *        Civil Action No. L01CV2221

v.                                     *

HASKELL MORTGAGE, INC., et al.         *

    Defendants                            *

            *        *        *        *        *        *        *

<u>ORDER</u>

Upon consideration of Sovereign Title Company, LLC, Elizabeth Brooks and Aura J. Colon's

Motion for Leave to File Third-Party Complaint, Flagstar Bank, FSB's Motion to Strike or, in the

Alternative to Dismiss the Third-Party Complaint, the Reply thereto, the arguments of counsel and the

applicable law, it is this _____ day of _____, 2003 ORDERED:

    1.        That the Motion for Leave to File Third-Party Complaint be and hereby is GRANTED;

    2.        That Sovereign Title Company, LLC, Elizabeth Brooks and Aura Colon SHALL be

permitted to file a Third-Party Complaint against Yvonne Griffin, Best Appraisals, LLC, Kenneth

Brown, Lingard Whiteford, F.A.B. Appraisals, Inc, Wayne Rogers, Vanguard Signature Settlements,

L.L.C. f/k/a Vanguard Title & Escrow, L.L.C., Chase Title Inc., All County Title, LLC, Tracey L.

Heater, Anthony Dabbondonza, Barry F. Snyder, Chicago Title Insurance Company and Southern Title

Insurance Company; and

    3.        The Motion to Strike or, in the Alternative to Dismiss the Third-Party Complaint be

and hereby is DENIED.

                                   _____

                                   JUDGE