IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FLAGSTAR BANK, FSB | * |
|    Plaintiff | * |
| | *     Civil Action No. L01CV2221 |
| v. | * |
| HASKELL MORTGAGE, INC., et al. | * |
|    Defendants | * |

\*   \*   \*   \*   \*   \*   \*

**REPLY TO CHICAGO TITLE INSURANCE COMPANY'S
OBJECTION TO REQUEST FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

     Now come Sovereign Title Company, LLC, Elizabeth Brooks, and Aura J. Colon, three of the Defendants (collectively the "Sovereign Parties"), by their attorneys, David B. Applefeld, H. Scott Jones and Adelberg, Rudow, Dorf & Hendler, LLC, and submit this Reply to Chicago Title Insurance Company's Objection to Request for Leave to File Third-Party Complaint, and for reasons state:

     1.     On July 25, 2003, the Sovereign Parties filed a Motion for Leave to File their Third-Party Complaint against Chicago Title Insurance Company and others.

     2.     As described in the Sovereign Parties' Motion for Leave to File the Third-Party Complaint, each of the Third-Party Defendants had been participating in this litigation as a party Defendant until approximately three weeks prior thereto,[1] when Flagstar was granted leave to file its Third Amended Complaint. In addition to adding a new Defendant and new claims, Flagstar's Third Amended Complaint deleted Chicago Title Insurance Company ("Chicago Title") as a named party. This action on the part of Flagstar necessitated the Sovereign Parties' filing of the Third-Party Complaint.

---

[1] Each of the Third-Party Defendants remains on the Court's and counsel's service list.

3. Chicago Title has objected to this filing on the grounds that their sole involvement was with the "Grant Loan."

4. Simultaneous to the filing of this Reply, the Sovereign Parties have filed a Reply to Flagstar Bank, FBS's Motion to Dismiss, or, in the Alternative, to Strike the Third-Party Complaint, which is adopted and incorporated by reference herein.

5. In that Reply, the Sovereign Parties have demonstrated that Flagstar is, in fact, pursuing claims against them and seeking to recover damages from them arising out of six (6) separate loans, including the "Grant Loan."

6. Insofar as Chicago Title is concerned, Flagstar asserts in its Third Amended Complaint that:

> ...The HUD-1 Settlemet Statement required cash at settlement from Grant of over $13,000 and her bank account statement indicated a balance of $10,127.00

*See,* Third Amended Complaint at par. 31.

7. In addition, Flagstar alleges that the transaction involved a "flip transaction" whereby:

> . . . a prior transaction involving Eagle Street occurred on the same day as the Grant transaction, thus preventing discovery of the flip. For the first transaction, Smallwood Investments paid $19,000.00 to Arnold and Sheila Hyatt for the Property. In turn, Smallwood Investments sold the property to Grant on the same day for $46,000.00. Upon information and belief, the prior sale and the Grant sale were recorded on the same day as arms length transactions allegedly representing the fair market value of the property.

*See,* Third Amended Complaint at par. 35.

8. Like Chicago Title, the Sovereign Parties steadfastly deny any liability to Flagstar. However, that is not the issue.

9. As set forth in the Sovereign Parties' Reply to Flagstar Bank, FBS's Motion to

Dismiss, or, in the Alternative, to Strike the Third-Party Complaint, the Third Amended Complaint is drafted in a manner in which there remain allegations which invoke liability against Chicago Title and the other Third-Party Defendants. In addition, this liability is supported by Flagstar's Interrogatory Answers and the reports of its expert.

10. Lastly, Chicago Title's reliance on the *National Mortgage Warehouse, LLC v. Bankers First Mortgage Co., Inc.* 190 F.Supp.2d 774 (D.Md. 2002) case is completely misplaced. The *National Mortgage Warehouse, LLC* involved a situation where there was no insured closing protection letter (because it had expired) and there were no closings (because the borrowers were fictitious). The case dealt with the issue of apparent agency under this scenario. This is entirely different from the present situation where Chicago Title issued insured closing protection letters for the Grant Loan Transaction, and the Grant loan actually closed.

WHEREFORE, it is respectfully submitted that the Motion for Leave to File the Third-Party Complaint be granted and Chicago Title Insurance Company's Objection thereto be denied.

_____/s/_____
DAVID B. APPLEFELD (#08311)
H. SCOTT JONES (#27101)
ADELBERG, RUDOW, DORF & HENDLER, LLC
600 Mercantile Bank & Trust Bldg.
2 Hopkins Plaza
Baltimore, Maryland 21201
410-539-5195

*Attorneys for Defendants, Sovereign Title Company, LLC, Elizabeth Brooks, and Aura J. Colon*

## REQUEST FOR HEARING

Now come Sovereign Title Company, LLC, Elizabeth Brooks, and Aura J. Colon, three of the Defendants, by their attorneys, David B. Applefeld, H. Scott Jones and Adelberg, Rudow, Dorf &

Hendler, LLC, and request a hearing on Chicago Title Insurance Company's Objection to Request for Leave to File Third-Party Complaint, and their Reply thereto.

```
                              _____/s/_____
                              DAVID B. APPLEFELD (#08311)
                              H. SCOTT JONES (#27101)
                              ADELBERG, RUDOW, DORF & HENDLER, LLC
         .                    600 Mercantile Bank & Trust Bldg.
                              2 Hopkins Plaza
                              Baltimore, Maryland 21201
                              410-539-5195
```

*Attorneys for Defendants, Sovereign Title Company, LLC, Elizabeth Brooks, and Aura J. Colon*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of August, 2003, a copy of the foregoing Reply, Request for Hearing and proposed Order were served via electronic filing upon:

> Donald A. Rea, Esquire
> Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC
> 223 East Redwood Street
> Baltimore, Maryland 21202
>
> J. Edward Martin, Esquire
> Joseph Edward Martin, Esquire, Chtd.
> 409 Washington Avenue, Suite 707
> Towson, Maryland 21204-4918
>
> Michael J. Moran, Esquire
> Law Offices of Michael J. Moran, PC
> 1400 Front Avenue, Suite 202
> Lutherville, Maryland 21093
>
> John T. Henderson, Jr., Esquire
> Craig & Henderson, LLC
> 207 East Redwood Street
> Baltimore, Maryland 21202
>
> J. Steven Lovejoy, Esquire
> Schumaker Williams, PC
> 40 W. Chesapeake Avenue, Suite 405
> Towson, Maryland 21204

>John S. Vander Woude, Esquire
>Eccleston & Wolf, P.C.
>729 E. Pratt Street, 7th Floor
>Baltimore, Maryland 21202
>Charles F. Morgan, Esquire
>Hodes, Ulman, Pessin & Katz, P.A.
>901 Dulaney Valley Road, Suite 400
>Towson, Maryland 21204
>
>William D. Bayliss, Esquire
>Williams, Muller, Clark & Dobbins
>1021 East Carry Street
>Richmond, Virginia 23218-1230
>
>Brian C. Parker, Esquire
>Parker, Dumler & Kiely, LLP
>36 South Charles Street, Suite 2200
>Baltimore, Maryland 21201
>
>Robert J. Kim, Esquire
>Mark W. Schweitzer, Esquire
>6411 Ivy Lane, Suite 200
>Greenbelt, Maryland 20770

and mailed, first class, postage prepaid, to

>Lewis Feldman
>Washington Mutual Home Mortgage Section
>8100 SW 10th Street, Building 3
>Plantation, Florida   33324-3279

_____/s/_____
DAVID B. APPLEFELD (#08311)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FLAGSTAR BANK, FSB | * |
| Plaintiff | * |
| | *       Civil Action No. L01CV2221 |
| v. | * |
| HASKELL MORTGAGE, INC., et al. | * |
| Defendants | * |

\* \* \* \* \* \* \*

## ORDER

Upon consideration of Sovereign Title Company, LLC, Elizabeth Brooks, and Aura J. Colon's Motion for Leave to File Third-Party Complaint, Chicago Title Insurance Company's Objection to Request for Leave to File Third-Party Complaint, the Reply thereto, the arguments of counsel and the applicable law, it is this _____ day of _____, 2003 ORDERED:

1.  That the Motion for Leave to File Third-Party Complaint be and hereby is GRANTED;

2.  That Sovereign Title Company, LLC, Elizabeth Brooks, and Aura Colon SHALL be permitted to file a Third-Party Complaint against Yvonne Griffin, Best Appraisals, LLC, Kenneth Brown, Lingard Whiteford, F.A.B. Appraisals, Inc, Wayne Rogers, Vanguard Signature Settlements, L.L.C. f/k/a Vanguard Title & Escrow, L.L.C., Chase Title Inc., All County Title, LLC, Tracey L. Heater, Anthony Dabbondonza, Barry F. Snyder, Chicago Title Insurance Company and Southern Title Insurance Company; and

3.  That Chicago Title Insurance Company's Objection to Request for Leave to File Third-Party Complaint be and hereby is DENIED.

_____
JUDGE