IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

FLAGSTAR BANK, FSB      *

     Plaintiff,     *

vs.            *    Civil Action No.: L-01-CV-2221

HASKELL MORTGAGE, INC., et al.   *

     Defendants.    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MOTION FOR PROTECTIVE ORDER</u>

    Plaintiff Flagstar Bank, FSB ("Flagstar") moves pursuant to Fed. R. Civ. Proc. 26(c) for a protective order regarding the deposition of Paul Cooper, and states the following in support thereof.

    1.    Paul Cooper is a real property appraiser and auctioneer who was retained by Flagstar to provide expert testimony, to the extent necessary, regarding the appraisals conducted at the direction of Haskell Mortgage, Inc. in the instant action.

    2.    Defendant Sovereign Title Co., LLC, served Flagstar with a notice of deposition for Mr. Cooper at a time when the civil RICO claims contained in Count VIII of the Third Amended Complaint were still pending against it. *See* Notice of Deposition attached hereto as **Exhibit A**. Those claims have since been dismissed with prejudice.

3.      The only claims remaining against Sovereign arise solely out of its acts and omissions at settlement of the two Dove loan transactions at issue in this litigation.  None of Flagstar's claims against Sovereign bear any connection to inflated appraisals, nor do any of the damages alleged against Sovereign arise out of those appraisals.

4.      Nevertheless, Sovereign continues to demand Mr. Cooper's deposition on the theory that Flagstar's damages claims against Sovereign are somehow connected to the inflated appraisals.  Sovereign's counsel further contends that Flagstar's answers to Interrogatories indicate that Haskell Mortgage and the appraisers conspired together, and that Sovereign requires the deposition of Mr. Cooper to "establish the culpability of other defendants" with respect to Sovereign's cross-claim.

5.      The liability alleged against Sovereign has nothing to do with inflated appraisals, but everything to do with Sovereign's own conduct in connection with the settlements of the Dove loan transactions.  Specifically, the HUD-1 Settlement Statements generated and signed by Sovereign agents indicate that it received cash from Dove in excess of $62,000 for both of these loan transactions.  Moreover, each Sovereign closing agents attested that the "[S]ettlement [S]tatement which I have prepared is a true and accurate account of this transaction.  I have caused or will cause the funds to be disbursed in accordance with this statement." *See* Settlement Statements for the purchase of 719 S. Conkling Street, Baltimore, Maryland 21224 ("Conkling Street") and 3905 Fait Avenue, Baltimore, Maryland 21224 ("Fait Avenue"), attached hereto as **Exhibit B**.  Dove has testified, however, that he never provided any cash for either settlement.  *See* Deposition of Keith Dove, at 46, 65-66, attached hereto as **Exhibit C**.  Moreover, his assets and bank account information do not reflect assets anywhere near that amount.

6.    Flagstar's allegations against Sovereign have nothing to do with inflated appraisals, which are directed at the Haskell Mortgage defendants, not Sovereign. Thus, it is extremely difficult to see how Sovereign can contend that Cooper's testimony is somehow relevant to its cross-claims against Haskell Mortgage or other dismissed defendants. As such, the grounds asserted by Sovereign's counsel for this deposition are erroneous, and it appears to be little more than a fishing expedition intended to unnecessarily increase Flagstar's litigation expenses.

WHEREFORE, for the foregoing reasons, Flagstar respectfully requests that this Court issue a protective order preventing Sovereign from taking the deposition of Paul Cooper.

Respectfully submitted,

Donald A. Rea (Federal Bar No.: 23194)
Alison E. Goldenberg (Federal Bar No.: 024778)

Gordon, Feinblatt, Rothman,
   Hoffberger & Hollander, LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland  21202
410/576-4000

Attorney for Plaintiff Flagstar Bank, FSB

G:\L627\PLD2765-L627-01.doc

- 3 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

FLAGSTAR BANK, FSB                    *

           Plaintiff,              *

vs.                                   *        Civil Action No. L-01-CV-2221

HASKELL MORTGAGE, INC., et al.        *

           Defendants.             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CERTIFICATE REGARDING
## DISCOVERY CONFERENCE

Plaintiff Flagstar Bank, FSB, through undersigned counsel and pursuant to Fed. R. Civ. Proc. 26(c) and Local Rule 104.7, certifies that it has in good faith conferred with opposing counsel in an effort to resolve this dispute without court action as follows:

    1.   Undersigned counsel for Flagstar conferred with David Applefeld, Esquire, and H. Scott Jones, Esquire, counsel for Sovereign Title Co., LLC, via telephone on Monday August 18 at 2:30 p.m., and again with Mr. Applefeld on Tuesday, August 19, 2003, at 9:50 a.m. in an effort to resolve this dispute.

    2.   The remaining issue is whether the deposition is appropriate as outlined in Flagstar's motion for protective order.

_____
Alison E. Goldenberg

- 4 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of August, 2003, a copy of the foregoing motion for protective order and related documents was mailed, first-class, postage prepaid and faxed, to the following:

J. Edward Martin Esq.
Joseph Edward Martin, Esq., Chtd.
409 Washington Ave., Suite 707
Towson, MD 21204-4918
*Counsel for Defendants Haskell Mortgage,*
*Inc. and Haskell Feldman*

David B. Applefeld, Esquire
Adelberg, Rudow, Dorf & Hendler, LLC
600 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
*Counsel for Sovereign Title Co., LLC,*
*Aura Colon and Elizabeth Brooks*

Lewis Feldman
9541 N.W. 33rd Manor
Sunrise, FL 33351

Donald A. Rea