IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FLAGSTAR BANK, FSB      *

    Plaintiff      *

     *     Civil Action No. L01CV2221

v.      *

HASKELL MORTGAGE, INC., et al.      *

    Defendants

\*   \*   \*   \*   \*   \*   \*

**OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
AS TO THE DEPOSITION OF ITS DESIGNATED EXPERT,
PAUL COOPER, AND REQUEST FOR SANCTIONS**

Now come Sovereign Title Company, LLC, Elizabeth Brooks and Aura J. Colon, three of the Defendants (collectively the "Sovereign Parties"), by their attorneys, David B. Applefeld, H. Scott Jones and Adelberg, Rudow, Dorf & Hendler, LLC, and file this Opposition to Plaintiff's Motion for Protective Order as to the Deposition of its Designated Expert, Paul Cooper, and Request for Sanctions, and for reasons state:

1. This case involves claims by Plaintiff Flagstar Bank, FSB ("Flagstar"), against the Sovereign Parties and others arising from several mortgage loan transactions.

2. In short, Flagstar contends that it was duped into purchasing these loans and, thereafter, discovered that the value of the properties securing the loans was far less than that which it had been led to believe. As a result of this discrepancy, Flagstar contends that it has been damaged. Hence, establishing the value of the each of the properties at issue is a key element to Flagstar's ability to prove its claims.

3. On June 7, 2002, Flagstar designated Paul Cooper as an expert to be called at trial. Mr Cooper is a licensed appraiser who, at the request of Flagstar, performed review appraisals on each of the properties at issue.

4.      An examination of Flagstar's now pending Third Amended Complaint reveals that Flagstar seeks to recover from the Sovereign Parties for the following claims: 1) "**Fraud With Respect To The Appraisals - All Defendants**," Count IV. *See* Third Amended Complaint at par. 101-105; 2) "**Negligent Misrepresentation With Respect To The Appraisals - All Defendants**," Count V. *See* Third Amended Complaint at par. 106-113;3) "Fraud With Respect To The Settlements - All Defendants," Count VI. *See* Third Amended Complaint at par. 114-118;4) "Negligent Misrepresentation With Respect To The Settlements - All Defendants," Count VII. *See* Third Amended Complaint at par. 119-125. Each of theses Counts of Flagstar's Third Amended Complaint adopts and incorporates all allegations contained in all preceding paragraphs of the Third Amended Complaint. *See* Third Amended Complaint at pars. 101, 106, 113, 118 and 126.

5.      Specifically, Count IV of the Third Amended Complaint contains the following allegations as to the Sovereign Parties:

>    **COUNT IV (Fraud with Respect to the Appraisals – All Defendants)**
>
>    101.    Flagstar incorporates herein by reference the allegations of Paragraphs 1 through 100 of the Complaint as though fully set forth herein. . . .
>
>    **103.    Defendants Sovereign Title, Elizabeth Brooks and Aura Colon falsely and fraudulently and with intent to defraud Flagstar represented to Flagstar that:**
>
>    > A.      **The property sold to Dove located at 719 S. Conkling Street, Baltimore, Maryland 21224, appraised for $98,500, when in fact the value of the property was $58,000;**
>    >
>    > B.      **The property sold to Dove located at $3905 Fait Avenue, Baltimore, Maryland 21224, appraised for $98,500, when in fact the value of the property was $45,000;**
>
>    **104.    Flagstar relied upon the representations set forth in the appraisals submitted by Defendants and was thereby**

> **induced to purchase the mortgage loans for the properties referred to above.**
>
> 105.   As a result, Flagstar paid substantial sums to purchase the mortgage loans in amounts up to nearly 240% of the fair market value of the properties and now the loans are delinquent or in default and Flagstar has incurred and continues to incur substantial damages as a result.

*See* Third Amended Complaint at par 101, 103-105 (emphasis supplied).

6.   Hence, it is clear that among other grounds, Flagstar is attempting to recover from the Sovereign Parties through Counts IV and V of the Third Amended Complaint for wrongs associated with the appraisals of each property at issue.

7.   Moreover, in response to Elizabeth Brook's Interrogatories seeking to discover the manner in which Flagstar "allegedly came to learn that the value of the property sold to Dove located at 719 S. Conkling Street, Baltimore, Maryland 21224, is '$58,000' as alleged in Count IV of the Third Amended Complaint," and "the manner in which you allegedly came to learn that the value of the property sold to Dove located at 3905 Fait Avenue, Baltimore, Maryland 21224, is '$45,000' as alleged in Count IV of the Third Amended Complaint," Flagstar did not provide a responsive answer, but rather referred the Defendants to Mr. Cooper's Report. Indeed, Flagstar's Interrogatory Answers read as follows:

> INTERROGATORY NO. 9:   Describe in detail the manner in which you allegedly came to learn that the value of the property sold to Dove located at 719 S. Conkling Street, Baltimore, Maryland 21224, is "$58,000" as alleged in Count IV of the Third Amended Complaint, specifying the date on which you allegedly came to have such knowledge, the manner in which you allegedly came to have such knowledge, the identity of the person who provided you with such knowledge, the identity of all persons with personal knowledge of such facts, and the identity of all documents which relate to such facts.
>
> ANSWER TO INTERROGATORY NO. 9:   See Answer to Interrogatory No. 6. **See also Paul Cooper's expert report.**

> INTERROGATORY NO. 11: Describe in detail the manner in which you allegedly came to learn that the value of the property sold to Dove located at 3905 Fait Avenue, Baltimore, Maryland 21224, is "$45,000" as alleged in Count IV of the Third Amended Complaint, specifying the date on which you allegedly came to have such knowledge, the manner in which you allegedly came to have such knowledge, the identity of the person who provided you with such knowledge, the identity of all persons with personal knowledge of such facts, and the identity of all documents which relate to such facts.
>
> ANSWER TO INTERROGATORY NO. 11: See Answer to Interrogatory No. 6. **See also Paul Cooper's expert report.**

*Exhibit A*, Flagstar's Answers to Brook's Interrogatory Nos 9 and 11. Flagstar cannot incorporate Mr. Cooper's opinions into its Interrogatory Answer and thereafter preclude the Defendants from discovering the basis for these opinions.

8. Likewise, the Sovereign Parties have filed Cross-Claims against Co-Defendants, Haskell Feldman, Lewis Feldman and Haskell Mortgage, Inc. as well as a Third-Party Complaint against several Defendants including appraisers Best Appraisals, LLC, Kenneth Brown, Lingard Whiteford, F.A.B. Appraisals, Inc, and Wayne, for indemnity and contribution arising out of their alleged negligent and/or intentional acts in appraising certain of the properties about which Flagstar complains.

9. Finally, the opinions of Mr. Cooper are relevant to the Sovereign Parties' defenses in this case, including, among other things, Flagstar's obligation to exercise due diligence by conducting its own review appraisals prior to purchasing the loans.

10. In light of these facts, and allegations which have been made in this case, it is clear that the deposition of Flagstar's **designated expert,** Paul Cooper is necessary for the Sovereign Parties to properly defend this action and/or to prove their cross-claims and third-party claims.

11.     In furtherance of this effort, on July 10, 2003, the Sovereign Parties noted the deposition of Paul Cooper for the agreed date of August 22, 2003. *See Exhibit B,* Deposition Notice and Subpoena.

12.     Remarkably, just days before the agreed deposition date, Flagstar has filed a Motion for Protective Order seeking to preclude the Sovereign Parties from deposing Flagstar's designated expert witness. The Motion is nothing more than the machinations of the Plaintiff desperately flailing about in an effort to thwart the legitimate discovery efforts of the Sovereign Parties. Indeed, giving new meaning to the phrase "fishing expedition," Flagstar actually suggests to this Court that a deposition of its expert is a "fishing expedition." Motion at 3. In light of the issues in this case, nothing could be further from the truth.

13.     Equally imaginative is Flagstar's suggestion that the deposition should be precluded because Flagstar does not believe that the Sovereign Parties need to depose its expert. The argument is absurd.

14.     In this regard, it is not surprising that Flagstar fails to point this Court to any authority to support its unique and interesting proposition that a plaintiff is entitled to dictate which of the plaintiff's experts the defendant does and does not "need" to depose. There is none.

15.     Rather, the Federal Rules are perfectly clear that "A party may depose any person who has been identified as an expert whose opinions may be presented at trial." F.R.C.P. 26(b)(4)(A). Mr. Cooper fits this description and, as such, his deposition must be permitted.

16.     Finally, because there was absolutely no basis in either law or fact for Flagstar to have filed its Motion for Protective Order, and because there is a Federal Rule directly on point which addresses this issue, Sovereign Parties request that this Court award them reasonable costs and fees for having to respond to Flagstar's Motion.

WHEREFORE, Sovereign Title Company, LLC, Elizabeth Brooks and Aura J. Colon, request this Court to enter an Order denying Plaintiff Flagstar Banks, F.S.B.'s Motion for Protective Order as to the deposition of Paul Cooper, and awarding them reasonable costs and fees for having to respond to that Motion.

```
_____
DAVID B. APPLEFELD (#08311)
H. SCOTT JONES (#27101)
ADELBERG, RUDOW, DORF & HENDLER, LLC
600 Mercantile Bank & Trust Bldg.
2 Hopkins Plaza
Baltimore, Maryland 21201
410-539-5195
```

*Attorneys for Defendants, Sovereign Title Company, LLC, Elizabeth Brooks, and Aura J. Colon*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of August, 2003, a copy of the foregoing Opposition and proposed Order was served via electronic mailing, to:

Donald A. Rea, Esquire
Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC
223 East Redwood Street
Baltimore, Maryland 21202

J. Edward Martin, Esquire
Joseph Edward Martin, Esquire, Chtd.
409 Washington Avenue, Suite 707
Towson, Maryland 21204-4918

Michael J. Moran, Esquire
Law Offices of Michael J. Moran, PC
1400 Front Avenue, Suite 202
Lutherville, Maryland 21093

John T. Henderson, Jr., Esquire
Craig & Henderson, LLC
207 East Redwood Street
Baltimore, Maryland 21202

J. Steven Lovejoy, Esquire
Schumaker Williams, PC
40 W. Chesapeake Avenue, Suite 405
Towson, Maryland 21204

John S. Vander Woude, Esquire
Eccleston & Wolf, P.C.
729 E. Pratt Street, 7th Floor
Baltimore, Maryland 21202

Charles F. Morgan, Esquire
Hodes, Ulman, Pessin & Katz, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland 21204

William D. Bayliss, Esquire
Williams, Muller, Clark & Dobbins
1021 East Carry Street
Richmond, Virginia 23218-1230

Brian C. Parker, Esquire
Parker, Dumler & Kiely, LLP
36 South Charles Street, Suite 2200
Baltimore, Maryland 21201

Robert J. Kim, Esquire
Mark W. Schweitzer, Esquire
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770

and mailed, first class, postage pre-paid to:

Lewis Feldman
9541 N.W. 33rd Manor
Sunrise, Florida 33351

_____
DAVID B. APPLEFELD (#08311)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FLAGSTAR BANK, FSB | * | |
| Plaintiff | * | |
| | * | Civil Action No. L01CV2221 |
| v. | * | |
| HASKELL MORTGAGE, INC., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \*

## ORDER

Upon consideration of Plaintiff Flagstar Banks, F.S.B.'s Motion for Protective Order as to the Deposition of its Designated Expert, Paul Cooper, the Opposition and Request for Sanctions filed on behalf of Sovereign Title Company, LLC, Elizabeth Brooks and Aura J. Colon, and the applicable law, it is this _____ day of _____, 2003 ORDERED:

1. That Plaintiff Flagstar Banks, F.S.B.'s Motion for Protective Order as to the deposition of Paul Cooper be and hereby is DENIED;

2. That Paul Cooper SHALL appear for deposition as noted on August 22, 2003 and produce all documents requested through the Notice of Deposition and Subpoena served upon him; and

3. That sanctions in the amount of $_____ be and are hereby awarded against Plaintiff Flagstar Banks, F.S.B. in favor of Defendants, Sovereign Title Company, LLC, Elizabeth Brooks and Aura Colon.

_____
JUDGE