IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| FLAGSTAR BANK, FSB | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.: L01CV2221 |
| HASKELL MORTGAGE, INC., *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*   \* \* \* \* \* \* \* \* \* \* \*

### REPLY IN SUPPORT OF FLAGSTAR BANK, FSB'S
### MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE
### THIRD-PARTY COMPLAINT OF SOVEREIGN TITLE COMPANY, INC.

Sovereign[1] argues that it should be permitted to draw 14 dismissed defendants back into this lawsuit on the supposed grounds that Flagstar Bank, FSB ("Flagstar") claims damages against Sovereign arising out of appraisal fraud, among other things, in connection with loans other than those settled by Sovereign. Specifically, Sovereign cites various counts of the third amended complaint that it argues seek damages against it in connection with loans other than the Dove loans.[2] *See* reply to plaintiff's motion to dismiss or, in the alternative, to strike third-party complaint at 3 ("Sovereign reply").

---

[1] For the purposes of this reply memorandum, "Sovereign" includes defendants Sovereign Title Co., LLC, Aura Colon and Elizabeth Brooks.

[2] As discussed more fully in Flagstar's motion, the Sovereign Defendants served as the closing agents for two loans made to Keith Dove.

PLD2771-L627-01.doc

In what can be described only as profoundly ironic, Sovereign clings to the assertion that Flagstar claims more damages than it actually is seeking against Sovereign, and Flagstar continues to assert that it only seeks damages from Sovereign pertaining to its specific acts and omissions in connection with the Dove loans. Flagstar does not and will not seek any damages from Sovereign arising out of other loan transactions or in connection with any appraisal fraud at issue in this case. Moreover, Flagstar does not and will not seek any damages against Sovereign arising out of the appraisals at issue in this litigation.

In an effort to resolve this matter once and for all, therefore, Flagstar hereby consents to voluntarily dismiss with prejudice counts IV and V as to Sovereign, which allege fraud and negligent misrepresentation in connection with the appraisals.[3] Since Counts I, II and III are directed solely at the Haskell Mortgage defendants, and Count VIII (civil RICO) has already been dismissed with prejudice, the only remaining counts that seek damages against Sovereign are counts VI and VII. These counts allege fraud and negligent misrepresentations against Sovereign with respect to its involvement in the Dove settlements alone.

Sovereign may now attempt to argue that counts VI and VII are general in nature and allege fraud and negligent misrepresentation against all defendants regarding the settlements. However, since Flagstar seeks damages against Sovereign **only** in connection with the Dove loans, there is absolutely no legitimate basis for a third-party claim against any settling defendant outside the Dove line of transactions.[4]

---

[3] Attached is a proposed order encompassing these dismissals.

[4] Interestingly, these are the only settling or dismissed defendants that are not named in Sovereign's third-party complaint.

With respect to Flagstar's answers to interrogatories, it is completely accurate that Flagstar has "suffered compensatory damages in the amount of the outstanding loans." *See* Sovereign reply at 15 (quoting Flagstar's answer to interrogatory no. 20). It is also true that Flagstar seeks only its damages with respect to the Dove loan transactions from Sovereign and not in connection with any other loan. The other loans remain in this litigation because Flagstar continues to seek damages in connection with all of the loans from the Haskell Mortgage defendants.

Flagstar's claims against Sovereign are based on evidence to be adduced at trial in connection with the Dove loans. Thus, a third-party complaint arising out of other loan transactions is not only prejudicial to Flagstar, but also to the economic administration of the remainder of this case. To undo several settlements and permit this case to revert back to the stage it was at more than a year ago is flatly prejudicial when Sovereign possessed of all necessary facts to bring its third-party claims upon the filing of the initial complaint at the outset of this lawsuit. Moreover, Sovereign and its counsel were part of all of the mediation sessions and were fully aware that ongoing settlement negotiations were taking place for quite some time. Sovereign did nothing to bring its third-party claims until those negotiations were complete and the defendants had already been dismissed from this action. Thus, there is no basis for a third-party claim; it is prejudicial to Flagstar and the administration of this case; and it will result in an extraordinary waste of judicial and party resources.

For all of these reasons, Flagstar's motion to dismiss or strike the third-party complaint should be granted, and Sovereign's motion for leave to file it should be denied.

Respectfully submitted,

*(signature)*

Donald A. Rea (Federal Bar No.: 23194)
Alison E. Goldenberg (Fed Bar No.:024778)

Gordon, Feinblatt, Rothman,
 Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland  21202
410/576-4000

*Attorneys for Plaintiff Flagstar Bank, FSB*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of August, 2003, a copy of the foregoing reply in support of Flagstar Bank, FSB's motion to dismiss or, in the alternative, to strike third-party complaint was served via electronic service on David B. Applefeld, Esquire, Aelberg, Rudow, Dorf & Hendler, LLC, 600 Mercantile Bank & Trust Building, 2 Hopkins Plaza, Baltimore, Maryland 21201 and J. Edward Martin, Esquire, Suite 300, The Lafayette Building, 40 W. Chesapeake Avenue, Towson, Maryland 21204.

_____
Donald A. Rea