IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FLAGSTAR BANK, FSB                          *

    Plaintiff                               *

                                            *        Civil Action No. L01CV2221

v.                                          *

HASKELL MORTGAGE, INC., et al.              *

    Defendants                              *

               *     *     *     *     *     *     *

## RESPONSE TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE THIRD-PARTY COMPLAINT

Now come Sovereign Title Company, LLC, Elizabeth Brooks and Aura J. Colon, three of the

Defendants (collectively the "Sovereign Parties"), by their attorneys, David B. Applefeld, H. Scott

Jones and Adelberg, Rudow, Dorf & Hendler, LLC, and submit this Response to Plaintiff, Flagstar

Bank, FSB's ("Flagstar"), Reply in Support of its Motion to Dismiss or, in the Alternative, to Strike

the Third-Party Complaint.

1.      Having found itself "hoist by its own petard," Flagstar has filed a Reply to the

Sovereign Parties Opposition to its Motion to Strike or, in the Alternative, to Dismiss the Third-Party

Complaint, in which it suggests that its contemplated abandonment of yet two more of its claims

(negligence misrepresentation and fraud claim in connection with the appraisals - Counts IV and V

of the Third Amended Complaint), will eliminate the need for the Sovereign Parties' Third-Party

Complaint.  Once again, Flagstar is wrong.

2.      Initially, the Sovereign Parties agree with Flagstar that there was absolutely no basis

M:\WP\116\sovereign\pleadings\response.oppthirdparty.wpd

for Flagstar to have asserted claims against them through Counts IV and V of the Third Amended Complaint, and welcome the dismissal[1] of these frivolous Counts as well as reimbursement for the cost and fees expended in defending same.

3.      However, Flagstar's recognition that it had no basis to sue the Sovereign parties for negligence and fraud arising out of the appraisals does not eliminate the need for the Sovereign Parties' Third-Party Complaint.

4.      Indeed, as pointed out in the Sovereign Parties' Opposition, Flagstar is still attempting to recover from the Sovereign Parties for damages flowing from the alleged wrongs of the Third-Party Defendants.

5.      For example, through its Interrogatory Answers, Flagstar asserts that it seeks to recover from the Sovereign Parties for "damages in the amount of [all of] the outstanding loans," as well as non-quantified "costs and expenses associated with investigation and disclosure of the [alleged] fraud, defaults under the loan documents and foreclosure proceedings in connection with the same, and other costs and expenses." *See Exhibit 6* to Sovereign's Response filed on August 13, 2003.     The Sovereign Parties have no idea what these "costs and expenses associated with investigation and disclosure of the [alleged] fraud, defaults under the loan documents and foreclosure proceedings in connection with the same, and other costs and expenses" are since Flagstar has not to date shared this information with the defense.     Nor can Flagstar delineate which of its consequential damages flow from which transaction.  **Thus, it is apparent that the Sovereign Parties are being forced to defend against damages flowing from the alleged active conduct of the Third-Party Defendants.**

_____

[1]Having "fessed-up" to the fact that there is no basis for having included the Sovereign Parties in Counts IV and V, it is entirely inappropriate to condition dismissal of those Counts upon the Court's ruling in its favor on the Motion to Strike the Third-Party Complaint.

For example, Flagstar responded to Sovereign Title Company, LLC's Interrogatory seeking to discover the amount and the basis of the damages claim being asserted against it as follows:

> INTERROGATORY NO. 18:  Give a complete statement of facts surrounding any claim for damages that is being made against Brooks, specifying an itemized statement of all expenses and losses paid or incurred by you as a result of the wrongs alleged, specifying which items have been paid and by whom, specifying the identity of all persons with personal knowledge of such facts, and the identity of all documents which relate to such facts.

> ANSWER TO INTERROGATORY NO. 18:  **At a minimum, Flagstar has suffered compensatory damages in the amount of the outstanding balances on the subject loans together with certain expenses as discussed at length in the report of Joel Charkatz.** In addition, Flagstar was induced into paying premiums, charges and fees in connection with the loan transactions and attorneys' fees in an amount to be determined at trial. Flagstar also has suffered and will continue to suffer other consequential and incidental damages to be determined at trial, including, but not limited to, **the costs and expenses associated with investigation and disclosure of the fraud, defaults under the loan documents and foreclosure proceedings in connection with the same, and other costs and expenses.** Finally, Flagstar is entitled to punitive and treble damages in an amount to be determined at trial. (emphasis added)

*See Exhibit 6* to Sovereign's Response filed on August 13, 2003. Flagstar responded to Sovereign's and Aura Colon's Interrogatories seeking to discover the basis and amount of its damages claim in an identical fashion.

6.      Finally, it should be noted that nowhere in its Reply does Flagstar dispute the Sovereign Parties' legal entitlement to pursue common law indemnity claims (*See* Pyramid Condominium Association v. Morgan, 606 F.Supp. 592, 595 (D.Md. 1985); Franklin v. Morrision, 350 Md. 144, 160, 711 A.2d 177 (1998); Hartford Accident & Indemnity Co. v. Scarlett Harbor Assoc., L.P., 109 Md. App. 217, 227, 674 A.2d 106 (1996)), or its contribution claims under the Maryland Uniform Contribution Among Join Tort-Feasor Act, MD. CODE ANN., CRTS. & JUD. PROC. §3-1401, *et sec.*

WHEREFORE, Sovereign Title Company, LLC, Elizabeth Brooks and Aura J. Colon respectfully request that this Court enter an Order granting their Motion for Leave to File Third-Party Complaint.

DAVID B. APPLEFELD (#08311)
H. SCOTT JONES (#27101)
ADELBERG, RUDOW, DORF & HENDLER, LLC
600 Mercantile Bank & Trust Bldg.
2 Hopkins Plaza
Baltimore, Maryland 21201
410-539-5195

*Attorneys for Defendants, Sovereign Title Company, LLC, Elizabeth Brooks, and Aura J. Colon*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27[h] day of August, 2003, a copy of the foregoing Response and proposed Order was served via electronic mailing, to:

Donald A. Rea, Esquire
Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC
223 East Redwood Street
Baltimore, Maryland 21202

J. Edward Martin, Esquire
Joseph Edward Martin, Esquire, Chtd.
409 Washington Avenue, Suite 707
Towson, Maryland 21204-4918

Michael J. Moran, Esquire
Law Offices of Michael J. Moran, PC
1400 Front Avenue, Suite 202
Lutherville, Maryland 21093

John T. Henderson, Jr., Esquire
Craig & Henderson, LLC
207 East Redwood Street
Baltimore, Maryland 21202

J. Steven Lovejoy, Esquire
Schumaker Williams, PC
40 W. Chesapeake Avenue, Suite 405
Towson, Maryland 21204

John S. Vander Woude, Esquire
Eccleston & Wolf, P.C.
729 E. Pratt Street, 7th Floor
Baltimore, Maryland 21202

Charles F. Morgan, Esquire
Hodes, Ulman, Pessin & Katz, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland 21204

William D. Bayliss, Esquire
Williams, Muller, Clark & Dobbins
1021 East Carry Street
Richmond, Virginia 23218-1230

Brian C. Parker, Esquire
Parker, Dumler & Kiely, LLP
36 South Charles Street, Suite 2200
Baltimore, Maryland 21201

Robert J. Kim, Esquire
Mark W. Schweitzer, Esquire
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770

and mailed, first class, postage pre-paid to:

Lewis Feldman
9541 N.W. 33rd Manor
Sunrise, Florida 33351

DAVID B. APPLEFELD (#08311)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FLAGSTAR BANK, FSB          *

     Plaintiff              *

                         *       Civil Action No. L01CV2221

v.                            *

HASKELL MORTGAGE, INC., et al.               *

     Defendants
            *     *     *     *     *     *     *

## ORDER

Upon consideration of Sovereign Title Company, LLC, Elizabeth Brooks and Aura J. Colon's Motion for Leave to File Third-Party Complaint, Flagstar Bank, FSB's Motion to Strike or, in the Alternative, to Dismiss the Third-Party Complaint, the Reply thereto, the arguments of counsel and the applicable law, it is this _____ day of _____, 2003 ORDERED:

1.     That the Motion for Leave to File Third-Party Complaint be and hereby is GRANTED;

2.     That Sovereign Title Company, LLC, Elizabeth Brooks and Aura Colon SHALL be permitted to file a Third-Party Complaint against Yvonne Griffin, Best Appraisals, LLC, Kenneth Brown, Lingard Whiteford, F.A.B. Appraisals, Inc, Wayne Rogers, Vanguard Signature Settlements, L.L.C. f/k/a Vanguard Title & Escrow, L.L.C., Chase Title Inc., All County Title, LLC, Tracey L. Heater, Anthony Dabbondonza, Barry F. Snyder, Chicago Title Insurance Company and Southern Title Insurance Company; and

3.     The Motion to Strike or, in the Alternative, to Dismiss the Third-Party Complaint be and hereby is DENIED.

_____
JUDGE

M:\WP\116\sovereign\pleadings\response.oppthirdparty.wpd