IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FLAGSTAR BANK, FSB** | : | |
| | : | |
| v. | : | CIVIL NO. L-01-2221 |
| | : | |
| **HASKELL MORTGAGE, INC., et al.** | : | |

**MEMORANDUM ORDER**

Pending are (i) Motion for Leave to File Third Party Complaint filed by Defendants Sovereign Title Company, LLC, Elizabeth Brooks, and Aura Colon (collectively referred to as "Sovereign Title"); (ii) Motion to Dismiss, or in the Alternative, to Strike Third Party Complaint filed by Plaintiff Flagstar Bank, FSB ("Flagstar"); and (iii) Motion to Amend Scheduling Order filed by Flagstar. On October 8, 2003, the Court held a telephone conference to resolve these issues. The Court will address the motions regarding Sovereign Title's third party complaint and then turn to the scheduling issue.

**I.      Sovereign Title's Third Party Complaint**

Flagstar's complaint involves a series of allegedly fraudulent mortgage loans. Different defendants were involved in different loans. Sovereign Title participated in only one loan, namely the Dove Loan. Sovereign Title filed a third party complaint under the belief that Flagstar seeks damages against Sovereign Title for loans in which Sovereign Title was not involved. During the telephone conference, Flagstar's counsel explained that its claim against Sovereign Title pertains only to the Dove Loan. None of the defendants listed in Sovereign Title's third party complaint participated in this loan. Sovereign Title, therefore, does not require a third party complaint because Sovereign Title has no claim for indemnification or contribution against these defendants. Accordingly, the Court (i) DENIES Sovereign Title's Motion for Leave to File a Third Party Complaint (Docket No. 146); and (ii)

GRANTS Flagstar's Motion to Dismiss Third Party Complaint (Docket No. 153).

**II.     Scheduling Order**

This suit was filed on July 27, 2001. For a variety of reasons, the scheduling order (established on February 25, 2002) was amended on August 8, 2002, and again on May 15, 2003. Flagstar filed a motion to further extend discovery on August 29, 2003. During the telephone conference, the Court resolved several discovery matters, which will be addressed in turn.

    **A.     Deposition of Lewis Feldman**

On or before October 31, 2003, counsel for Flagstar shall submit a status report regarding the bankruptcy proceedings of Lewis Feldman ("Feldman"). On or before November 3, 2003, counsel shall serve Feldman with a subpoena for his deposition. The subpoena shall describe with reasonable particularity the matters on which examination is requested. If Feldman intends to move to quash the subpoena, he shall file the appropriate papers by November 14, 2003.

    **B.     Deposition of Elizabeth Brooks**

Because the deposition of Elizabeth Brooks ("Brooks") has been repeatedly postponed, the Court orders that her deposition take place between November 5, 2003 - November 14, 2003. Brooks's deposition shall take no more than a total of twelve hours and shall be spread out over two days, with a maximum of six hours per day. The Court requests that counsel determine two mutually convenient dates on which to depose her. If the parties cannot reach an agreement, the deposition shall take place on November 5th and 6th.

    **C.     Deposition of Edward Rollins**

Counsel shall determine two mutually convenient dates, during the period of November 10, 2003 - November 21, 2003, on which to depose Edward Rollins ("Rollins"). Additionally, on or

before October 24, 2003, Sovereign Title shall provide Flagstar with the following information: (i) Rollins's educational background; (ii) Rollins's job history; (iii) and any information that is routinely found in a *curriculum vitae*.

### D. Deposition of Flagstar Corporate Designees

Counsel shall choose two mutually convenient dates, during the period of November 3, 2003 - November 21, 2003, on which to depose Flagstar's corporate designees.

### E. Deposition of Paul Cooper

Sovereign Title shall decide by October 20, 2003 whether to depose Paul Cooper. His deposition, if any, shall occur on two dates agreed to by counsel, during the period of November 3, 2003 - November 21, 2003.

### F. Deposition of Michael Shelton

Counsel shall set two mutually convenient dates, during the period of November 3, 2003 - November 21, 2003, on which to depose Michael Shelton.

### G. Deposition of Keith Dove

On or before October 24, 2003, counsel for Sovereign Title shall contact Keith Dove ("Dove") to schedule his deposition. If Dove (who is not a party to this suit) refuses counsel's request, Sovereign Title may file the appropriate papers to compel Dove's deposition before November 3, 2003.

Based on the above schedule, the Court DENIES AS MOOT Flagstar's Motion to Amend the Scheduling Order (Docket No. 170). On or before November 30, 2003, the parties shall file a joint status report and a proposed scheduling order.

Dated this 10th day of October, 2003.

_____/s/_____
Benson Everett Legg
Chief Judge