IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| FLAGSTAR BANK, FSB | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: L01CV2221 |
| HASKELL MORTGAGE, INC., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Haskell Feldman, Defendant, by J. Edward Martin, his attorney, relies on the following Memorandum of Law in Support of his Motion for Summary Judgment:

1. The summary judgment procedure set forth in Rule 56 is a method for promptly disposing of actions in which there is no genuine dispute as to any material fact. *Camfield Tires, Inc. v. Michelin Tire Corp.,* 719 F.2d 1361 (C.A. 8, 1983). While summary judgment is not a substitute for the trial of disputed facts *Federal Savings & Loan Insurance Corp. v. Williams,* 599 F. Supp. 1184, 1186 (D.C.Md. 1984), the Federal District Court should examine the affidavits or other evidence introduced in a Rule 56 motion to determine whether a factual issue exists rather than for the purpose of resolving that issue. *Federal Labs, Inc. v. Barringer Research,* 696 F.2d 271, 274 (C.A.3rd 1982).

2. In his affidavit Haskell Feldman acknowledges that he was the originator and founder of Haskell Mortgage, Inc. which is now out of business. He further attests that HMI had employees including his son Lewis Feldman who unfortunately, died on November 8, 2003 of heart failure (at age 25) while he was residing in the State of Florida. Mr. Feldman further states that he has carefully reviewed the factual allegations in the First Amended Complaint, reviewed Interrogatory Answers and other pre-trial discovery matters, attended and fully participated in his deposition and that he has no personal knowledge of any of the loan transactions described in the Amended Complaint which Plaintiff alleges were part of an illegal "flipping" scheme and that he has heard no evidence indicating that he has any personal liability for the actions complained of in the Amended Complaint.

3. This Summary Judgment Motion is not filed on behalf of Haskell Mortgage, Inc., one of the Corporate Defendants. As is set forth in Mr. Feldman's affidavit, Haskell Mortgage, Inc. is no longer in business and, in fact, no longer is a valid Maryland corporation.

4. Any money judgment against Haskell Mortgage, which is now an unincorporated association, is enforceable only against the assets of the group as an entity and not against the assets of any member. In *Turner v. Turner,* 147 Md.App. 809 A.2d 18 (2002) Judge Hollander, for the Court of Special Appeals,

held that the many cause of action affecting the common property rights and liabilities of an unincorporated association or other group which has a recognized group name, a money judgment against the group is enforceable only against the assets of the group as an entity and not against the assets of any member.

    5. Maryland Courts and Judicial Proceedings Section 11-105 states as follows: "In any cause of action affecting the common property, rights, and liabilities of an unincorporated association, joint stock company, or other group which has a recognized group name, a money judgment against the group is enforceable only against the assets of the group as an entity, but not against the assets of any member."

    6. In *Himelstein v. Arrow Cab,* 113 Md.App. 530, 539, 688 A.2d 491 (1997) the Court of Special Appeals said that in accordance with the theory that while an unincorporated association may be liable for the torts of one of its individual members, the individual members are not liable for one another's torts.

    7. Haskell Feldman, Movant, does not dispute that those allegations in the Amended Complaint and the facts brought forth in pre-trial discovery which seem to suggest that a series of questionable activities were undertaken by persons employed by or affiliated with Haskell Mortgage, Inc. and he further does not dispute that the allegations as to the other Defendants, all of whom have now settled, may have had merit. However there are no facts that support the very bare

allegations, in the Amended Complaint, as to him. His Motion for Summary Judgment should be granted with costs.


Dated:      2/4/04                                    _____/S/_____
                                                      J. Edward Martin     BAR #0918
                                                      Law Offices of J. Edward Martin, P.A.
                                                      Suite 720
                                                      502 Washington Avenue
                                                      Towson, Maryland 21204
                                                      (410) 825-1057
                                                      (410) 583-4660 (fax No.)

                                                      Attorney for Defendant Haskell Feldman